

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-13-1997

# United States v. Cruz

Precedential or Non-Precedential:

Docket 96-1325

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"United States v. Cruz" (1997). *1997 Decisions*. Paper 37.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/37

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 96-1325
_____

UNITED STATES,
                Appellee

v.

ANDRE CRUZ,
a/k/a ANTHONY TORRES,
a/k/a ANTHONY ZAYAS

Andre Cruz, Appellant

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
D.C. Crim. No. 95-cr-00532
_____

Argued: December 10, 1996

Before:  BECKER, MANSMANN, and GREENBERG

(Filed: February 13, 1997)


THOMAS R. QUINN, ESQUIRE (ARGUED)
12 South 12th Street
2940 PSFS Building
Philadelphia, PA  19107

Attorney for Appellant

MICHAEL R. STILES, ESQUIRE
United States Attorney
WALTER S. BATTY, JR., ESQUIRE
Assistant United States Attorney
Chief of Appeals
J. ALVIN STOUT, III, ESQUIRE
Assistant United States Attorney
ROBERT K. REED, ESQUIRE (ARGUED)
Assistant United States Attorney
Suite 1250
615 Chestnut Street
Philadelphia, PA  19106

Attorneys for Appellee


1

BECKER, Circuit Judge.

The sentencing appeal of defendant Andre Cruz, following his conviction pursuant to a plea of guilty to carjacking, 18 U.S.C. § 2119, requires us to construe two facets of the vulnerable victim provisions of § 3A1.1(b) of the Sentencing Guidelines. First, we must determine whether the vulnerable victim enhancement applies to harm caused by the defendant to someone who was not the victim of the offense of conviction. Second, we must decide whether the adjustment can be made if the defendant did not target (or commit the offense because of) the vulnerable status of the victim.

Although the latter determination must be made in this case, because it contributed to a two-level increase in Cruz's base offense level, it has little precedential import because the Sentencing Commission has recently amended the commentary to § 3A1.1 to make clear that there is no targeting requirement. For the reasons that follow, we conclude that the vulnerable victim enhancement applies here even though the victim was only a passenger in the carjacked vehicle and even though the crime was not committed with a view to her vulnerability. We will, therefore, affirm the judgment of the district court.[1]

_____

[1]Cruz also claims that he was denied the effective assistance of counsel at sentencing because his lawyer failed to object to his criminal history category. He bases his argument on the contention that the district court incorrectly assessed an additional point under U.S.S.G. § 4A1.1(e), which directs

I.

The relevant facts are shocking and gruesome. Stated
succinctly, Cruz, brandishing a semi-automatic pistol, entered
the right front passenger door of the car driven by twenty-six
year old Maribel Nunez. Twelve-year old Brenda Torres was her
passenger. Cruz put the gun to Torres's head, and told them to
give him their money. After Nunez gave Cruz twenty dollars, he

(..continued)
sentencing courts to add criminal history points if the defendant
committed the offense of conviction within two years of release
from a prior sentence or while the defendant was on escape status
from that sentence. The guideline provides:
Add two points if the defendant committed the instant offense
        less than two years after release from confinement on
        a sentence under [§ 4A1.1(a) or §      4A1.1(b)] or
        while in imprisonment or escape status on such a
        sentence. If 2 points are added for item [§
            4A1.1(d)] add only 1 point.
Past sentences of imprisonment are assigned criminal history
points under two different provisions: if the defendant served a
sentence of incarceration for an adult conviction, points are
assigned under § 4A1.1(a), (b), and (c), depending on the length
of the sentence, but if the defendant was incarcerated for a
juvenile adjudication, points are assigned under § 4A1.2(d).
Cruz makes the technical argument that the enhancement was based
on the fact that he had escaped from incarceration for a juvenile
robbery adjudication, which was counted under § 4A1.2(d), and
that an adult conviction, which would be counted under § 4A1.1(a)
or (b), is the necessary basis for a § 4A1.1(e) enhancement by
the terms of the provision. This raises, on an adequate record,
a purely legal question, cognizable on direct appeal. See United
States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991).
        Even though the past offense was assigned criminal
history points under § 4A1.2(d) because it was a juvenile
offense, rather than § 4A1.1(a) or (b), a juvenile offense can
clearly provide the basis for a § 4A1.1(e) enhancement. Section
4A1.2(d) requires that two points be assigned for certain
juvenile offense and specifies that these points are added "under
§ 4A1.1(b)." Hence, criminal history points for juvenile
adjudications are indirectly assigned under § 4A1.1(b) and it
would strain plain meaning to say that an additional point could
not be added under § 4A1.1(e). See, e.g., United States v.
Allen, 64 F.3d 411, 413 (8th Cir. 1995); United States v. Unger,
915 F.2d 759, 763-64 (1st Cir. 1990). Cruz's agument is thus
patently meritless.

patted down Torres looking for more money to no avail. Threatening to kill them if they did not cooperate, he ordered Nunez to drive, keeping the gun pointed at Torres's head.

Cruz then ordered Nunez to stop the car, and to get in the back seat, leaving Torres alone with him in the front seat. Nunez begged Cruz to leave Torres alone, and told him that "she's just a little girl," only twelve or thirteen years old. Cruz responded, "I don't care," and told Nunez "to shut up." He then raped Torres. Cruz ordered Nunez and Torres to switch places, and then raped Nunez and forced her to perform oral sex. After raping Nunez, Cruz again raped Torres.

The episode ended when Nunez jumped out of the moving car onto the pavement, and Cruz eventually stopped the car and fled. As might be expected, there was testimony at the sentencing hearing as to the traumatic effect on Torres of the carjacking and sexual assault. Cruz admitted the carjacking but denied the rapes. The district court sentenced him to 240 months incarceration. Included in the Guidelines calculation was a two-level upward adjustment under U.S.S.G. § 3A1.1(b) because Brenda Torres was a vulnerable victim.

II.

The vulnerable victim enhancement, U.S.S.G. § 3A1.1(b), provides:
If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was particularly susceptible to the criminal conduct, increase by two levels.

The application note to the 1995 Guidelines further provides that

4

§ 3A1.1 "applies to offenses involving an unusually vulnerable victim in which the defendant knows or should have known of the victim's unusual vulnerability."  1995 U.S.S.G. § 3A1.1, commentary, application note 2.[2]

Cruz contends that Torres must be a victim of the offense of conviction (carjacking) for the enhancement to be applied to him.  The carjacking statute, 18 U.S.C. § 2119, subjects to criminal conviction anyone who

> with the intent to cause death or serious bodily injury takes a motor vehicle that has been transported, shipped, or received in interstate commerce from the person or presence of another by force and violence or by intimidation, or who attempts to do so . . . .

Because Cruz took the automobile from the "person or presence" of Nunez not Torres, the argument continues, Torres cannot be the victim of the carjacking, and the enhancement was therefore impermissible.  Cruz concedes that, except for the Sixth Circuit, all of the circuits that have considered this issue have held that the vulnerable victim does not have to be the victim of the offense of conviction.  See United States v. Echevarria, 33 F.3d 175, 180-81 (2d Cir. 1994); United States v. Bachynsky, 949 F.2d 722, 735 (5th Cir. 1991); United States v. Callaway, 943 F.2d 29, 31 (8th Cir. 1991); United States v. Haggard, 41 F.3d 1320, 1326 (9th Cir. 1994); United States v. Lee, 973 F.2d 832, 833-34 (10th Cir. 1992); United States v. Yount, 960 F.2d 955, 957-58 (11th Cir. 1992).

---

[2]While Cruz relies on the 1994 pre-amendment commentary for his second claim on appeal, he does not challenge the application of the 1995 commentary with respect to this issue.

5

Pointing out that the language of § 3A1.1(b) itself does not require that the vulnerable victim be a victim of the offense of conviction, these (majority) courts have reasoned that a sentencing court should not read § 3A1.1(b) narrowly, and thus may look to the defendant's underlying conduct to determine whether the enhancement may be applied. Haggard, 41 F.3d at 1326 ("[C]ourts may look beyond the four corners of the charge to the defendant's underlying conduct in determining whether someone is a 'vulnerable victim' under section 3A1.1."); Yount, 960 F.2d at 957 (same). They have relied on § 1B1.3(a)(3), which directs the sentencing courts to look at "all harm" that results from the defendant's conduct in determining his base offense level and applying relevant adjustments.[3]

Cruz instead must rely on the minority position, that of the Sixth Circuit in United States v. Wright, 12 F.3d 70 (6th Cir. 1993), the only court to have held that § 3A1.1 applies only if the victim is a victim of the offense of conviction. In that case, the court held that the language of § 3A1.1(b) itself requires that result. It drew on Hughey v. United States, 495 U.S. 411 (1990), in which the Supreme Court defined "victim" for

---

[3]Unlike the case before us, however, none of these cases, including the Sixth Circuit case, have considered this question in the context of a violent offense. These cases instead involved crimes such as fraud, obstruction of justice, or money-laundering, where an institution such as a bank, the government, or society at large was the victim, but the enhancement was applied because vulnerable people (e.g., elderly people) were part of the conduct underlying the offense in some way (e.g., bank accounts, Medicare fraud). Despite this difference, we see no reason why we should not be guided by these cases in the disposition of the case at bar.

purposes of the victim restitution provisions of the Victim and Witness Protection Act ("VWPA") as covering only those who are harmed by the conduct that is the basis of the offense of conviction.  Wright, 12 F.3d at 73.

The Wright court held that § 1B1.3(a)(3) does not provide otherwise because its commentary specifies that § 1B1.3(a) "'provides a rule of construction by specifying, in the absence of more explicit instructions in the context of a specific guideline, the range of conduct that is relevant to determining the applicable offense level . . . .'" Id. at 74 (quoting U.S.S.G. § 1B1.3, commentary, background).  Because the court determined that § 3A1.1(b) provided explicit instructions itself, it held that § 1B1.3 did not allow a court to apply § 3A1.1 when the victim was not the victim of the offense of conviction.  Id.

Cruz submits that Torres, the twelve-year old, was not clearly a victim of the carjacking under the explicit terms of the carjacking statute because she was not the driver of the car.  By the same token, because Cruz ordered Nunez to drive while pointing a gun at Torres, it is arguable that Torres was a victim of the carjacking itself.  These points are unclear, but we need not decide them.  That is because, believing that the position taken by the majority of the circuits to be the better one, we find unpersuasive the claim that the Sixth Circuit's understanding of the term "victim" was what the Sentencing Commission had in mind in drafting § 3A1.1.  We conclude, as did the other courts, that neither § 3A1.1(b) nor the application

7

note explicitly requires that we read "victim" narrowly and that, under § 1B1.3, we may look at all the conduct underlying the offense of conviction. The gruesome facts of the carjacking described above make it clear beyond cavil that Torres was a victim for purposes of § 3A1.1 under this standard.

### III.

Effective November 1995, the Sentencing Commission amended the commentary to § 3A1.1, while the text of the commentary itself remained the same. Cruz's second claim on appeal is that he must be sentenced according to the application note that was in force when the crime was committed, the 1994 version, rather than the provision in effect at the time of sentencing, the 1995 version. The relevant part of the 1994 application note reads: "This adjustment applies to offenses where an unusually vulnerable victim is made a target of criminal activity by the defendant." 1994 U.S.S.G. § 3A1.1, commentary, application note 1. Cruz contends that this commentary requires that there be evidence that Cruz targeted Torres because of her age, which he clearly did not, citing cases from other circuits. See United States v. Smith, 39 F.3d 119, 124 (6th Cir. 1994); United States v. Cree, 915 F.2d 352, 353-54 (8th Cir. 1990); United States v. Sutherland, 955 F.2d 25, 26 (7th Cir. 1992); United States v. Singh, 54 F.3d 1182, 1190-91 (4th Cir. 1995).

The government's response is bifurcated. First, it contends that the cases just cited are incorrectly decided, even under the 1994 commentary, and that the better rule (and the one we should follow) is that expressed by the Second and Ninth

Circuits, and most recently, the First Circuit.  Pointing to the text of the guideline itself, which the Commission has not amended and which provides that the enhancement is required if the defendant "knew or should have known" of the victim's vulnerability, these circuits have concluded that a targeting requirement would be inconsistent with this language.

In United States v. Hershkowitz, 968 F.2d 1503 (2d Cir. 1992), for example, a detainee was assaulted by a prison guard while the other guards failed to intervene.  The Second Circuit there affirmed the two-level increase due to the victim's vulnerability under the circumstances, relying on the language of the guideline itself to reject the defendant's contention that the enhancement should not apply because he had not "'specifically sought out' the victim."  Id. at 1506.  The Ninth Circuit has consistently used this approach, holding that the government must only show that the defendant had actual or constructive knowledge of the victim's vulnerability, see United States v. O'Brien, 50 F.3d 751, 755 (9th Cir. 1995); United States v. White, 974 F.2d 1135, 1140 (9th Cir. 1992); see also United States v. Caterino, 957 F.2d 681, 683 (9th Cir.), cert. denied, 506 U.S. 843 (1992); United States v. Boise, 916 F.2d 497, 506 (9th Cir. 1990), and the First Circuit has recently followed suit, holding in a post-amendment case that the pre-amendment guideline did not contain a targeting requirement, United States v. Gill, 99 F.3d 484, 488 (1st Cir. 1996).[4]

[4]The Gill opinion clarified First Circuit law on this issue, and specifically noted that United States v. Rowe, 999 F.2d 14, 16-17 (1st Cir. 1993), which contained some confusing language,

9

Second, the government points out that there is no targeting requirement applicable to Cruz's sentence because the Sentencing Commission, effective November 1, 1995, amended the commentary to § 3A1.1 to clarify the application of the guideline. The commentary on which Cruz relies and which was in effect on December 8, 1994, the date of the carjacking, stated in full:

This adjustment applies to offenses where an unusually vulnerable victim is made a target of criminal activity by the defendant. The adjustment would apply, for example, in a fraud case where the defendant marketed an ineffective cancer cure or in a robbery where the defendant selected a handicapped victim. But it would not apply in a case where the defendant sold fraudulent securities by mail to the general public and one of the victims happened to be senile. Similarly, for example, a bank teller is not an unusually vulnerable victim solely by virtue of the teller's position in a bank.

1994 U.S.S.G. § 3A1.1, commentary, application note 1 (emphasis added).

In its November 1, 1995 clarification, the Commission deleted the first sentence of the pre-November 1, 1995 commentary, including the reference to "target," and replaced it with: "Subsection (b) applies to offenses involving an unusually vulnerable victim in which the defendant knows or should have known of the victim's unusual vulnerability." 1995 U.S.S.G. § 3A1.1., commentary, application note 2. In amending the guideline as such, the Commission explained:

Although the Commission found that the current guidelines generally provided adequate penalties in these cases, it noted some inconsistency in the application of § 3A1.1 regarding whether this adjustment required proof
(..continued)
did not hold that § 3A1.1 had a targeting requirement. Gill, 99 F.3d at 487.

10

that the defendant has "targeted the victim on account of the victim's vulnerability." This amendment revised the Commentary to § 3A1.1 to clarify application with respect to this issue.

U.S.S.G. Appendix C, Amendment 521, at 429-30.

Thus, explicitly noting that there had been some "inconsistency" in the application of § 3A1.1(b), the Commission clarified that inconsistency by deleting the reference to "target." After the amendment to the commentary, the only requirement for applying the two-level enhancement is that the defendant knew or should have known of the victim's vulnerability. See United States v. Feldman, 83 F.3d 9, 16 (1st Cir. 1996).

If Cruz would fare worse under the amended guideline than the one in effect at the time of his offense, ex post facto considerations would prevent us from applying the amendment. See United States v. Kopp, 951 F.2d 521, 526 (3d Cir. 1991) (holding that while defendants are generally sentenced under the Guidelines in effect at the time of sentencing, the Guidelines in effect at the time of the commission of the offense govern if they result in a less severe penalty); see also United States v. Stover, 93 F.3d 1379, 1386 (8th Cir. 1996) (applying targeting requirement even after amendment to the commentary because of an ex post facto concern). Of course, if we were to follow the precedent in the First, Second, and Ninth Circuits, whose case law conforms with the amendment, there would be no ex post facto problem. We do so here.

There is no Third Circuit case law interpreting the

1994 application note, and we cannot consider the Sentencing Commission's clarification of the application note to resolve how the Third Circuit would have interpreted it. <u>See</u> <u>United States v. Menon</u>, 24 F.3d 550, 567 (3d Cir. 1994); <u>United States v. Bertoli</u>, 40 F.3d 1384, 1407 & n.21 (3d Cir. 1994).[5] We simply find the cases holding that there was no targeting requirement under the 1994 guideline to be more persuasive. More specifically, the purpose of § 3A1.1, as we see it, is simply to acknowledge that, while most crimes are committed for other motives, in many instances defendants know or should know of their victim's particular vulnerability and are therefore more blameworthy for knowingly or even negligently harming them.

The text of the guideline itself, <u>see</u> <u>supra</u> p. 5, which was not amended in 1995, directs that it be applied in any case where the defendant "knew or should have known" of the victim's

---

[5]Arguably, our decisions in <u>United States v. Astorri</u>, 923 F.2d 1052 (3d Cir. 1991), and <u>United States v. Seligsohn</u>, 981 F.2d 1418 (3d Cir. 1992), are in accord with the First, Second, and Ninth Circuit views. At the least, they are not inconsistent with them.

In <u>Astorri</u>, this Court approved the vulnerable victim enhancement where a corrupt broker took advantage of his girlfriend's parents. To reach this holding, we upheld the district court's finding that the parents were vulnerable, 923 F.2d at 1055, without mentioning any requirement that Astorri have targeted his girlfriend's parents because of their vulnerability.

Similarly, in <u>Seligsohn</u>, this Court affirmed an upward departure where the defendants defrauded elderly victims by selling unnecessary roofing repairs at excessive prices. The district court enhanced the sentence of the lead defendant because the elderly victims were vulnerable due to their age, and this Court affirmed without mentioning a targeting requirement. 981 F.2d at 1426 ("There was adequate evidence in the record to sustain a finding that the defendants preyed on those particularly vulnerable individuals.").

12

susceptibility.  We agree with the Hershkowitz court that:

> [b]y its own terms, § 3A1.1 governs cases in which the defendant "knew or should have known" of the victim's unusual vulnerability.  It is of no consequence therefore whether Hershkowitz actually was conscious of Campbell's increased vulnerability when he assaulted him in the corridor and later in the holding cell.

Id. at 1506.  We conclude that, if we were to hold that the 1994 commentary to the guideline required a finding of targeting, we would undermine the plain language of § 3A1.1 and impose a higher level of scienter than is required by the provision.  See Stinson v. United States, 113 S. Ct. 1913, 1918 (1993) ("If . . . the commentary and the guideline it interprets are inconsistent in that following one will result in violating the dictates of the other, the Sentencing Reform Act itself commands compliance with the guideline.").  Moreover, we are not persuaded that the 1994 commentary is to the contrary as it, too, does not require that the defendant targeted the victim because of his or her vulnerability.  1994 U.S.S.G. § 3A1.1, commentary, application note 1 (applies where a vulnerable victim is "made a target of criminal activity by the defendant" and does not require that the victim be targeted because of his or her vulnerability).

In sum, the argument that the enhancement can be assessed only where a defendant purposefully targets a victim because of his or her vulnerability cannot be reconciled with the plain language of § 3A1.1 that there should be an enhancement even in cases where the defendant does not have actual knowledge of the vulnerability.  The facts here surely meet the applicable standard.  Cruz at the very least should have known of the

twelve-year old Torres's vulnerability.  The vulnerable victim enhancement was therefore properly applied.

## IV.

The judgment of the sentence will be affirmed.[6]

---

[6]Cruz's alternative argument that the rule of lenity requires resentencing is without merit.  The rule of lenity "is always reserved . . . for those situations in which a reasonable doubt persists about a statute's intended scope even <u>after</u> resort to 'the language and structure, legislative history, and motivating policies' of the statute."  <u>Moskal v. United States</u>, 498 U.S. 103, 108 (1990); <u>accord</u> <u>United States v. Bass</u>, 404 U.S. 336, 347 (1971) (reliance on the rule of lenity should occur only if "[a]fter 'seiz[ing] every thing from which aid can be derived,'" a court is left with an ambiguous statute).  Given the plain meaning of § 3A1.1(b) and its commentary, the rule of lenity is inapplicable.