110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Yehuda P. FRIEDLANDER, Defendant-Appellant.
 No. 96-50074.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1997.
Decided March 18, 1997.
 
 1
 Before: D.W. NELSON and TROTT, Circuit Judges, and BRYAN, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 Yehuda P. Friedlander appeals his sentence imposed following his guilty plea to abusive sexual contact in violation of 18 U.S.C. § 2243(a). At sentencing, the district court found that the victim was unusually vulnerable and adjusted the offense level upward two points pursuant to U.S.S.G. § 3A1.1. Friedlander argues that this enhancement amounts to double counting because the age of the victim had already been considered under U.S.S.G. § 2A3.2.[1]
 
 
 4
 We review the district court's application of the Sentencing Guidelines de novo. United States v. Caterino, 957 F.2d 681, 683 (9th Cir.1992). We accord the district court's application of the Sentencing Guidelines to the facts due deference, and we review its findings of fact in the sentencing phase for clear error. United States v. Howard, 894 F.2d 1085, 1087 (9th Cir.1990) (citing 18 U.S.C. § 3742(e)).
 
 
 5
 The offense of sexual abuse of a minor (18 U.S.C. § 2243(a)(1) and (2)) requires that the victim be between the ages of 12 and 16, and at least four years younger than the defendant. Here, the victim was 15 years of age, and the appellant was 44 years of age.
 
 
 6
 U.S.S.G. § 3A1.1(b) states as follows: "If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by 2 levels." Application Note 2 further explains this section:
 
 
 7
 Subsection (b) applies to offenses involving an unusually vulnerable victim in which the defendant knows or should have known of the victim's unusual vulnerability. The adjustment would apply, for example, in a fraud case where the defendant marketed an ineffective cancer cure or in a robbery where the defendant selected a handicapped victim. But it would not apply in a case where the defendant sold fraudulent securities by mail to the general public and one of the victims happened to be senile. Similarly, for example, a bank teller is not an unusually vulnerable victim solely by virtue of the teller's position in a bank.
 
 
 8
 Do not apply subsection (b) if the offense guideline specifically incorporates this factor. For example, if the offense guideline provides an enhancement for the age of the victim, this subsection would not be applied unless the victim was unusually vulnerable for reasons unrelated to age.
 
 
 9
 (emphasis added).
 
 
 10
 The text of a Guideline section and its associated application note are construed as consistent where possible. Stinson v. United States, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."). See also United States v. Anderson, 942 F.2d 606, 613 (9th Cir.1991) (en banc).
 
 
 11
 The overall policy of the Guidelines is to punish a defendant for "all harm that resulted from the acts and omission" for which he is responsible. United States v. Reese, 2 F.3d 870, 894-95 (9th Cir.1993) (quoting U.S.S.G. § 1B1.3(a)(3)). When more than one type of harm is attributable to the defendant's conduct, enhancement is appropriate to carry out the Commission's goal of proportionality. Id. at 895. So-called "double counting" is permissible "when it is necessary to make the defendant's sentence reflect the full extent of the wrongfulness of his conduct." Id. Double counting is impermissible when expressly forbidden or when "one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by the application of another part of the Guidelines." Id.
 
 
 12
 We applied these principles in Reese where we upheld the district court's application of the aggravated assault guideline to enhance the offense level for a conviction of deprivation of civil rights by excessive force. Id. At 896; see also United States v. Haggard, 41 F.3d 1320, 1327 (9th Cir.1994) (section 3A1.1 accounts for the defendant's choice of victims and allows extra punishment for defendants that prey on unusually vulnerable victims); United States v. Hershkowitz, 968 F.2d 1503, 1505-06 (2d Cir.1992) (vulnerable victim enhancement not impermissible double counting because not every civil rights violation involves a victim who is "particularly susceptible to the criminal conduct").
 
 
 13
 The district court made numerous findings of fact in this case: The offense took place on an airplane; the female victim was traveling alone from Australia to the United States; the seats were assigned; the victim could not leave the plane; Friedlander was a religious leader, "clothed with the stamp of righteousness" and the victim did not expect such conduct from him; the victim had been touched by Friedlander and by his companion, a rabbi, several times previously; the victim tried to stop the advances several times; the victim tried to hide from Friedlander; and the victim did not call for help because she was too embarrassed. The findings of fact of the district court are not disputed by the parties and are supported by ample evidence. Based on these findings, the district judge increased the offense level by two under U.S.S.G. § 3A1.1 because the victim was unusually vulnerable.
 
 
 14
 Friedlander argues that the district court engaged in impermissible double counting by the two-point enhancement under U.S.S.G. § 3A1.1. He contends that the victim was vulnerable due to her age, which was already part of the basis for the offense level pursuant to U.S.S.G. § 2A3.2. Friedlander argues that U.S.S.G. § 3A1.1 presents an either-or choice (age or unusual vulnerability), but it does not anticipate use of both factors.
 
 
 15
 The victim's age alone does not fully reflect the wrongfulness of Friedlander's conduct. Because of the circumstances of this offense, the victim was particularly susceptible to criminal conduct, and was unusually vulnerable for reasons unrelated to age. Therefore, the district court's application of the vulnerable victim enhancement does not amount to double counting. Such application merely carries out the Sentencing Commission's goal of proportionality. The trial court's application of the Sentencing Guidelines to the facts was appropriate. We affirm the district court's sentence.
 
 
 16
 AFFIRMED.
 
 
 
 *
 Honorable Robert J. Bryan, United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Statutory Index references U.S.S.G. § 2A3.4 for violations of 18 U.S.C. § 2244(a)(3). However, section 2A3.4 indicates that if the crime involves sexual abuse, rather than sexual contact, of a minor, U.S.S.G. § 2A3.2 should be applied