UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

DONALD G. RICHARDS,
　　　　　*Defendant-Appellant.*

No. 02-4206

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(CR-01-318-A)

Submitted: August 22, 2002

Decided: September 10, 2002

Before WILKINS and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Drewry B. Hutcheson, Jr., MCGINLEY, ELSBERG & HUTCHE-SON, P.L.C., Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Matthew W. Friedrich, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Over a period of several years, real estate lawyer Donald G. Richards diverted funds out of his attorney trust account for his own use. A grand jury indicted Richards on eight counts of mail fraud, in violation of 18 U.S.C. § 1341 (2000). Following a jury trial, Richards was convicted on seven of the eight counts of mail fraud. The district court sentenced Richards to thirty-seven months in prison. Richards appeals, arguing that the district court erred by enhancing his sentencing based on a vulnerable victim and obstruction of justice (perjury). We affirm.

Richards first argues that the district court erred by enhancing his sentence pursuant to *U.S. Sentencing Guidelines Manual* § 3A1.1(b)(1) (2001). This guideline provides for a two-level upward adjustment if the defendant knew or should have known a victim of the offense was a vulnerable victim. Richards knew that one of his clients, John Husch, had been institutionalized for a mental breakdown. Richards misappropriated approximately $138,000 belonging to Husch. We find that the district court did not clearly err by finding that Husch was a vulnerable victim and, on that basis, enhancing Richards' sentence under USSG § 3A1.1. *United States v. Parolin*, 239 F.3d 922, 927 n.2 (7th Cir.), *cert. denied*, 533 U.S. 923 (2001); *United States v. Brawner*, 173 F.3d 966, 973 (6th Cir. 1999); *United States v. Cruz*, 106 F.3d 1134, 1138-39 (3d Cir. 1997).

Next, Richards claims that the district court erred in applying a two-level adjustment for obstruction of justice based on perjured testimony. *See* USSG § 3C1.1. To establish the obstruction of justice enhancement based on perjury, the sentencing court must find by a preponderance of the evidence that the defendant gave false testimony concerning a material matter, with a willful intent to deceive, rather than as a result of confusion, mistake, or faulty memory. *United*

*States v. Sun*, 278 F.3d 302, 314 (4th Cir. 2002). Although we find that the district court committed clear error when it concluded that Richards testified that he obtained permission from a client to make a partial payment and hence, committed perjury, any error was harmless because the district court properly concluded that Richards perjured himself when he denied converting client funds for personal use. Therefore, the district court properly applied the two-level enhancement for obstruction of justice.

For these reasons, we affirm Richards' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*