**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-3457

_____

UNITED STATES OF AMERICA

v.

WESLEY MARK SMITH,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 4:18-cr-00285-001)
District Judge: Honorable Matthew W. Brann

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 14, 2021

Before: GREENAWAY, JR., KRAUSE, and PHIPPS, *Circuit Judges*

(Opinion Filed:  December 22, 2021)

_____

**OPINION**[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

A jury convicted Appellant Mark Wesley Smith, an inmate at a federal correctional facility, of "[a]ssault with a dangerous weapon, with intent to do bodily harm" and "[a]ssault resulting in serious bodily injury," for his attack of his wheelchair-bound cellmate, Michael Guibilo. 18 U.S.C. § 113(a)(3), (a)(6). Smith challenges the District Court's application of a "vulnerable victim" enhancement under Section 3A1.1(b)(1) of the United States Sentencing Guidelines. Because the District Court correctly interpreted and applied the Guidelines, we will affirm.

## I.      DISCUSSION[1]

According to trial evidence, Smith first punched Guibilo until he lay unconscious on the floor of the cell, then returned to punch and strike Guibilo with Guibilo's wheelchair, causing severe bodily injury. And based on that evidence, the District Court at sentencing applied the "vulnerable victim" enhancement that Smith now challenges on appeal.

We employ a three-prong test to determine whether a vulnerable victim enhancement is appropriate, examining whether:

> (1) the victim was particularly susceptible or vulnerable to the criminal conduct;

---

[1] The District Court had subject matter jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction to review Smith's appeal under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We review factual findings of the District Court for clear error and exercise plenary review over the District Court's interpretation of the Guidelines. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007) (en banc).

> (2) the defendant knew or should have known of this susceptibility or vulnerability; and
>
> (3) this vulnerability or susceptibility facilitated the defendant's crime in some manner; that is, there was "a nexus between the victim's vulnerability and the crime's ultimate success."

*United States v. Iannone*, 184 F.3d 214, 220 (3d Cir. 1999) (quoting *United States v. Monostra*, 125 F.3d 183, 190 (3d Cir. 1997)). Smith does not dispute the first two prongs, *i.e.*, that Guibilo was vulnerable or that Smith knew about the vulnerability. As to the last prong, however, Smith argues there was no nexus for two reasons, neither of which is persuasive.

First, Smith claims he was not targeting Guibilo because of Guibilo's vulnerability but rather was acting in self-defense because Guibilo sexually assaulted him. This argument fails as there is no "targeting" requirement, *see, e.g.*, *United States v. Zats*, 298 F.3d 182, 188–89 (3d Cir. 2002); *United States v. Cruz*, 106 F.3d 1134, 1138 (3d Cir. 1997), and in any event, the District Court rejected Smith's self-defense rationale and found that Guibilo was physically incapable of the alleged assault. That finding, which was also implicit in the jury's verdict, was not clearly erroneous, and indeed, is abundantly supported by the record.

Smith's second argument, that absent Guibilo's vulnerability "the assault would have been committed in the same way and with the same results," Opening Br. 4, is also meritless. But for Guibilo's physical condition, Smith would not have committed the "[a]ssault with [the] dangerous weapon" that he used: Guibilo's wheelchair. 18 U.S.C.

§ 113(a)(3).[2] And because an unconscious victim is unable to protect himself from attack, Smith's use of that weapon to assault Guibilo when Guibilo was already unresponsive on the cell floor also facilitated the element of "serious bodily injury." *Id.* § 113(a)(6). *See United States v. Plenty*, 335 F.3d 732, 735 (8th Cir. 2003) (upholding application of vulnerable victim enhancement for assault of a sleeping victim); *accord United States v. Adeolu*, 836 F.3d 330, 334 (3d Cir. 2016) ("[A] sentencing judge should 'focus . . . on the extent of the individual's ability to protect himself from the crime.'" (first alteration in *Adeolu*) (quoting *United States v. Dupre*, 462 F.3d 131, 144 (2d Cir. 2006))).

In sum, because Guibilo's vulnerability contributed to "the crime's ultimate success" and "facilitated the . . . crime in some manner," *Zats*, 298 F.3d at 186 (quoting *Iannone*, 184 F.3d at 220), the District Court did not err in finding the nexus prong satisfied and applying the vulnerable victim enhancement.

II.    CONCLUSION

For the foregoing reasons, we will affirm.

---

[2] Assault with a deadly weapon under 18 U.S.C. § 113(a)(3) requires that the Government prove that: (1) the defendant assaulted the victim, (2) with specific intent to cause the victim bodily harm, (3) with a dangerous weapon. *See United States v. Taylor*, 686 F.3d 182, 188 (3d Cir. 2012).