**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 97-10163
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


VERSUS


HERNAN ENRIQUE BURGOS,

Defendant-Appellant.



_____

Appeal from the United States District Court
For the Northern District of Texas
_____

March 19, 1998


Before DAVIS, WIENER and PARKER, Circuit Judges.

PER CURIAM:

Defendant-Appellant Hernan Enrique Burgos ("Burgos") appeals his conviction and sentence for mail fraud.  We affirm.

## I. FACTS AND PROCEEDINGS

A fourteen count indictment alleged that Burgos, a psychiatrist, knowingly billed certain insurance companies for services that he did not provide to his patients who were insured by the companies.  The insurance industry standardizes its billing procedures through the use of five-digit codes.  The codes are a shorthand language used by the insurance industry and the medical

1

profession to describe a condition, treatment or procedure. By placing a code on a claim form, a doctor tells the insurance company what type of service was rendered by the doctor.

The indictment identified fourteen claims in which patients were hospitalized in the Psychiatric Institute of Fort Worth during 1991 for periods ranging from ten days to six months. The patients were billed daily, including weekends and vacations, by Burgos, using the code for individual psychotherapy, with the additional descriptive phrase "daily hospital care." However, the patients saw Burgos only a few times in the weeks or months during their hospitalization.

The jury convicted Burgos on all fourteen counts. At sentencing, the district court determined that the amount of loss was more than $800,000 but not more than $1.5 million, which resulted in an eleven-level increase to his base offense level. The court found that Burgos abused a position of trust, resulting in a two level increase. The court then found that, in addition to the insurance companies, Burgos's patients were victims of his crime and that they were vulnerable victims, resulting in a two level increase. Based on an offense level of 23 and a criminal history category of I, the district court sentenced Burgos at the bottom of the guideline range to 46 months imprisonment, three years supervised release and a $425,000 fine.

## II. VULNERABLE VICTIM UPWARD SENTENCE ADJUSTMENT

Burgos challenges the upward adjustment to his total offense level because his victims were vulnerable. Review of sentences

2

imposed under the guidelines is limited to a determination of whether the sentence was imposed in violation of law, as a result of an incorrect application of the guidelines, or was outside the applicable guideline range and was unreasonable. *United States v. Matovsky*, 935 F.2d 719, 721 (5th Cir. 1991). Legal conclusions are reviewed *de novo*, and findings of fact are reviewed for clear error. *United States v. Fitzhugh*, 984 F.2d 143, 146 (5th Cir. 1993).

> If the defendant knew or should have known that a victim of the offense was unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct, increase by 2 levels.

U.S.S.G. § 3A1.1(b). The determination that a victim is vulnerable is a factual finding which the district court is best suited to make. *United States v. Rocha*, 916 F.2d 219, 244-45 (5th Cir. 1990).

a. Ex Post Facto

Burgos first argues that the district court violated the Ex Post Facto Clause by applying the 1995 version of the Sentencing Guidelines rather than the 1991 version which was in effect when the last offense was completed. He contends that the earlier version of the guidelines required the defendant to target his victim specifically based on the victim's vulnerability.

Pursuant to § 1B1.11(a) and 1B1.11(b)(1), p.s., and 18 U.S.C. § 3553(a)(4)(A), a district court should apply the Guidelines in effect on the date the defendant is sentenced, unless the

3

application of such Guidelines would violate the Ex Post Facto Clause of the Constitution, in which event, the Guidelines in effect on the date of the offense should be used.

Here, sentencing occurred after the effective date of the 1995 Edition. Amendment 521, effective November 1, 1995, redesignated the vulnerable victim provision of the Guidelines, but it did not change the text of the provision. *See* U.S.S.G. App. C, amend. 521, at 428-30. The application notes to § 3A1.1, however, were amended to clarify the operation of § 3A1.1, specifically whether the victim must have been targeted by the defendant. *Id.* at 429.

The Comment in the 1991 edition provided, "This adjustment applies to offenses where an unusually vulnerable victim is made a target of criminal activity by the defendant." § 3A1.1, comment. (n.1)(Nov. 1991). Amendment 521, *inter alia*, deleted that sentence and replaced it with "Subsection (b) applies to offenses involving an unusually vulnerable victim in which the defendant knows or should have known of the victim's unusual vulnerability." § 3A1.1, comment. (n.2). In amending the commentary, the Sentencing Commission explained that there had been some inconsistency in the application of § 3A1.1 regarding whether the adjustment required proof that the defendant had targeted the victim on account of the victim's vulnerability. U.S.S.G. App. C, amend. 521, at 430. The Commission stated that the amendment thus served to clarify the application of § 3A1.1 as to that issue. *Id.*

Relying on *United States v. Stover*, 93 F.3d 1379, 1386 (8th Cir. 1996), Burgos argues that the amendment effectuated

4

substantive changes which, if applied to Burgos, would violate the Ex Post Facto Clause. *Stover* recognized that in the Eighth Circuit, prior to the amendment, the Government had to prove that the defendant had targeted an unusually vulnerable victim. *Id*. at 1384. Amendment 521 was a substantive change in that circuit because the Government no longer had to prove targeting. *Id.* Consequently, the amendment implicated the Ex Post Facto Clause. *Id.* at 1385-86.

Although this circuit has used the "target" language in upholding the adjustment, *see, e.g., United States v. Leonard,* 61 F.3d 1181, 1188 (5th Cir. 1995); *United States v. Scurlock,* 52 F.3d 531, 541-42 (5th Cir. 1995), unlike the Eighth Circuit, we have not required a specific "targeting" of a vulnerable victim beyond the requirement that the defendant knew or should have known of the vulnerability.

The Third Circuit, which had not addressed whether specific targeting was required, followed the First, Second, and Ninth Circuits in holding that § 3A1.1 contained no targeting requirement. *United States v. Cruz*, 106 F.3d 1134, 1138-39 (3rd Cir. 1997); *see also United States v. Hershkowitz*, 968 F.2d 1503, 1506 (2d Cir. 1992)(declining to impose a specific targeting requirement); *United States v. O'Brien*, 50 F.3d 751, 755 (9th Cir. 1995)(same); *United States v. Gill*, 99 F.3d 484, 488 (1st Cir. 1996)(holding in a post-amendment case that the pre-amendment guideline did not contain a targeting requirement).

We hold that the amendment does not implicate the Ex Post

Facto Clause because there is no authority requiring targeting in this circuit, *see Cruz*, 106 F.3d at 1139, and because Amendment 521 clarified that the guideline language itself does not contain such a requirement.

b. Who was Burgos's vulnerable victim?

Burgos argues that the district court clearly erred when it determined that the insurers were vulnerable victims. Burgos misconstrues the district court's ruling. The insurers are not, and could not have been found to be, vulnerable victims. In making its findings, the district court stated, "I find that . . . the patients were victims along with the insurance companies and they were vulnerable victims." We understand the court to have found, first, that the victims of the offense included not only the insurers but also the patients, and second, that the patients were unusually vulnerable. The district court thus adopted the findings of the Presentence Report ("PSR") that Burgos's patients were unusually vulnerable because of their mental conditions.

Burgos does not contest the finding that his patients were especially vulnerable or that he knew that they were vulnerable. Rather, his argument presumes that they were not the victims of his crimes. However, a reasonable fact finder could conclude that the patients were the victims of Burgos's fraudulent scheme. They were often admitted to the hospital needlessly or their stays in the hospital were extended beyond what was necessary and their insurance companies were billed for treatment not given. Further, the patients' treatment benefits were often exhausted by the time

6

of their discharge.  In some cases, patient benefits were exhausted for a life-time; therefore, any future treatment needs would not be covered under their current policy.  We therefore conclude that the district court did not clearly err in applying the vulnerable victim adjustment in calculating Burgos's guideline range.

CONCLUSION

Having reviewed the record, relevant authority, the briefs and argument of counsel, we find no other error assigned by Burgos merits reversal.

We therefore affirm Burgos's conviction and sentence.

AFFIRM.