IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11461
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMY RAY CLOPTON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4-01-CR-90-1-E
--------------------
August 14, 2002

Before JOLLY, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:[*]

Tommy Ray Clopton appeals his sentence following his guilty-plea conviction for health care fraud. Clopton contends that the district court erred in enhancing his sentence under U.S.S.G. § 3A1.1(b)(1) based on its determination that the admittedly vulnerable adolescents used as instrumentalities of his fraudulent Medicaid billing scheme were victims of the offense.

Under U.S.S.G. § 3A1.1(b)(1), a defendant's offense level is increased by two levels "[i]f the defendant knew or should have

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

known that a victim of the offense was a vulnerable victim." A "vulnerable victim" is defined as "a person (A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable under [U.S.S.G.] § 1B1.3 (Relevant Conduct); and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1, comment. (n.2). The determination whether one is a victim for purposes of U.S.S.G. § 3A1.1(b) is a factual finding subject to clear-error review. United States v. Burgos, 137 F.3d 841, 843-44 (5th Cir. 1998).

The adolescents involved in the instant case "suffered harm or at least potential harm" due to Clopton's fraudulent scheme. See United States v. Gieger, 190 F.3d 661, 664 (5th Cir. 1999). The adolescents had their Medicaid counseling benefits exhausted in whole or part due to the scheme, and they suffered damage to their dignity and good names because they were falsely labeled within the Medicaid system as chemically dependent. See Burgos, 137 F.3d at 844; United States v. Roberson, 872 F.2d 597, 609 (5th Cir. 1989). Accordingly, the district court did not clearly err in determining that the adolescents were victims of Clopton's offense for purposes of U.S.S.G. § 3A1.1(b)(1). See Burgos, 137 F.3d at 844.

The judgment of the district court is AFFIRMED.