United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 6, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-51000
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACQUELINE O. RICHARDSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CR-233-1-WWJ
--------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges

PER CURIAM:[*]

Jacqueline O. Richardson appeals her sentence following her conviction by a jury for conspiracy, health care fraud, aiding and abetting, false statements relating to health care fraud, conspiracy to launder monetary instruments, money laundering promotion, and aiding and abetting health care fraud. Richardson contends that the district court erred in adjusting her sentence under U.S.S.G. § 3A1.1(b)(1) based on its determination that Richardson knew that the victims, most of whom were over the age of 65 and physically disabled, were vulnerable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under U.S.S.G. § 3A1.1(b)(1), a defendant's offense level is increased by two levels "[i]f the defendant knew or should have known that a victim of the offense was a vulnerable victim." A "vulnerable victim" is defined as "a person (A) who is a victim of the offense of conviction and any conduct for which the defendant is accountable under [U.S.S.G.] § 1B1.3 (Relevant Conduct); and (B) who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1, comment. (n.2). The determination whether one is a victim for purposes of U.S.S.G. § 3A1.1(b) is a factual finding subject to clear-error review. United States v. Burgos, 137 F.3d 841, 843-44 (5th Cir. 1998).

The patients involved in the instant case "suffered harm or at least potential harm" due to Richardson's fraudulent scheme. See United States v. Gieger, 190 F.3d 661, 664 (5th Cir. 1999). The PSR and trial testimony indicated, inter alia, that patients were promised things that were never delivered, did not receive items that they needed, and in some cases received substandard items. Also, victims were falsely diagnosed, and part of their benefits were exhausted. Despite Richardson's billing for diabetic supplies, beneficiaries could not get diabetic supplies when they needed them. Victims received used hospital beds with dirty and worn mattresses. Although Richardson objected to the application of U.S.S.G. § 3A1.1(b), she did not offer evidence to refute the facts set forth in the PSR, which were supported by the trial

testimony, and which established that the victims of Richardson's fraudulent scheme suffered harm or potential harm by her actions. See United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996) (the defendant bears the burden of demonstrating that the information relied upon by the district court at sentencing is materially untrue). Accordingly, the district court did not clearly err in determining that the U.S.S.G. § 3A1.1(b) adjustment was warranted because Richardson knew that the victims, most of whom were over the age of 65 and physically disabled, were vulnerable. See Burgos, 137 F.3d at 844.

Richardson also argues that the district court erred when it applied U.S.S.G. § 3A1.1(b)(2) and increased her sentence by two levels because the offense involved a large number of vulnerable victims. This argument misconstrues the district court's ruling. The district court did not make an adjustment pursuant to U.S.S.G. § 3A1.1(b)(2). To the extent that Richardson's argument challenges the district court's application of U.S.S.G. § 3A1.1(b)(2), this argument is moot since the district court did not apply U.S.S.G. § 3A1.1(b)(2). To the extent that Richardson's argument regarding the number of vulnerable victims could be construed as an appeal of the district court's decision to increase her offense level by four levels pursuant to U.S.S.G. § 2B1.1(b)(2)(B), which provides for a four-level increase if the offense involved 50 or more victims, this argument is inadequately briefed because Richardson does not address this guideline nor does she discuss facts relevant to it in

her brief. Richardson has therefore abandoned any argument she may have had regarding the district court's application of U.S.S.G. § 2B1.1(b)(2)(B) by failing to brief such an argument. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Richardson has filed a supplemental brief in which she contends that her sentence is illegal in light of Blakely v. Washington, 124 S. Ct. 2531 (2004), because the facts supporting the U.S.S.G. § 3A1.1(b) adjustment were not determined by a jury. This issue is foreclosed by the court's holding in United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir.), petition for cert. filed, (July 14, 2004) (No. 04-5263).

The judgment of the district court is AFFIRMED.