# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2010

No. 10-20092
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

NAKESHIA BROWN,

Defendant – Appellant

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 4:09-CR-226-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Nakeshia Brown appeals her sixty-month sentence for bank fraud and aggravated identity theft. She argues that the district court's upward departure from the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G") for prior offenses against vulnerable victims lacked sufficient evidentiary support. In the alternative, she argues that, at most, a two-level, not four-level, departure

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20092

was appropriate.   We hold that the district court did not reversibly err in imposing this sentence.   Therefore, we AFFIRM.

## I. Background

Brown was indicted on one count of bank fraud and attempted bank fraud (Count One) and one count of aggravated identity theft (Count Two).   Brown pleaded guilty to both counts.   As a part of her plea, Brown admitted that she used her employment as a patient care assistant at a Houston hospital to steal printouts of patients' medical records containing the patients' names, addresses, Social Security numbers, and other identifying information.   Brown used the information contained in these reports to apply for credit cards without the patients' consent.   Many of Brown's victims were elderly, and at least one had died during the time that Brown was using his information.

At the sentencing hearing, the district court applied a two-level enhancement pursuant to U.S.S.G. § 3A1.1 because Brown knew or should have known that her crime impacted vulnerable victims.   After all other adjustments for sentencing enhancements and criminal history, Brown's Guidelines range on Count One was eighteen to twenty-four months.[1]

The district court sentenced Brown to thirty-six months on Count One. When added to the mandatory consecutive twenty-four month sentence for Count Two, her total sentence was sixty months.  The court determined that an upward departure was appropriate because Brown's criminal history included a prior offense that also involved the selection of a vulnerable victim.[2]   The finding that Brown had previously selected a vulnerable victim was based upon

---

[1] Count Two carried a mandatory twenty-four-month consecutive sentence.

[2] "If an enhancement [for exploiting a vulnerable victim] applies and the defendant's criminal history includes a prior sentence for an offense that involved the selection of a vulnerable victim, an upward departure may be warranted."  U.S. SENTENCING GUIDELINES MANUAL § 3A1.1 cmt. n.4 (2010).

No. 10-20092

information in the Presentence Investigation Report ("PSR") that Brown had pleaded guilty in a prior proceeding to "attempted credit/debit card abuse" for stealing the credit card of a 79-year-old patient at the hospital where she then worked (the "2002 offense"). The addendum to the PSR indicates that the victim of that theft was hospitalized from November 5, 2002, to November 8, 2002, and that Brown first used the stolen credit card on November 6, 2002, while the victim was still hospitalized. Neither the PSR nor the record contains any further information about the victim of the credit card theft. Brown objected to the departure, and the district court overruled her objection. Brown timely appealed.

## II. Analysis

On appeal, Brown argues that the district court did not have a sufficient factual basis to determine that the 2002 offense involved a vulnerable victim, or, alternatively, that the court's departure was too high and, therefore, was unreasonable. Our review of a district court's sentence is bifurcated. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Jeffries*, 587 F.3d 690, 692 (5th Cir. 2009). We must first determine if the issue raised on appeal constitutes a significant procedural error. *Jeffries*, 587 F.3d at 692. If not, we review the substantive reasonableness of the sentence. *Id.*[3]

A claim that the district court upwardly departed because of a misapplication of the Guidelines is reviewed as a procedural error. *See United States v. Gutierrez-Hernandez*, 581 F.3d 251, 255 (5th Cir. 2009) (district court

---

[3] Brown's briefing is ambiguous as to whether she is making a substantive unreasonableness challenge or procedural challenge to the number of levels the court upwardly departed. She argues that she received only a two-level increase for the instant offense for taking advantage of a vulnerable victim and, therefore, any departure for a prior "vulnerable victim" crime should only be two levels. Because the Guidelines do not specify a number of levels for the upward departure, we conclude that the court did not commit procedural error by departing upwardly four levels, rather than two. We thus address this alternative argument as a substantive unreasonableness challenge.

committed procedural error when its upward departure was based upon a misapplication of the Guidelines).  A district court's determination that a victim is vulnerable is a factual determination that we review for clear error.  *United States v. Medina-Argueta*, 454 F.3d 479, 481 (5th Cir. 2006); *see also United States v. Mejia-Orosco*, 868 F.2d 807, 809 (5th Cir. 1989) ("'[V]ulnerability' is the sort of fact which the trial court is particularly well-positioned to gauge.").  "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole."  *Jeffries*, 597 F.3d at 692.

We hold that the district court did not clearly err in finding that the 79-year-old hospitalized victim of Brown's 2002 offense was a "vulnerable victim."  A victim's vulnerability under § 3A1.1 is gauged against the universe of potential victims.  *See United States v. Gonzales*, 436 F.3d 560, 585 (5th Cir. 2006) ("[The victim] was quadriplegic, an unusual vulnerability among section 242 victims."); *United States v. Moree*, 897 F.2d 1329, 1335 (5th Cir. 1990) ("The vulnerability that triggers § 3A1.1 must be an 'unusual' vulnerability which is present in only some victims of that type of crime."); *see also United States v. Angeles-Mendoza*, 407 F.3d 742, 747 n.5 (5th Cir. 2005) (noting that a vulnerable victim is "less able to resist than the typical victim of the offense of the conviction") (citation omitted).

Though, as Brown notes, age alone is generally not conclusive of vulnerability,[4] the victim in this case was not only elderly but also, and perhaps more importantly, a hospital patient.  Courts have often noted that medical patients are generally more vulnerable to crimes due to their mental or physical ailments.  *See United States v. Bachynsky*, 949 F.2d 722, 735-36 (5th Cir. 1991);

---

[4] *See United States v. Vega-Iturrino*, 565 F.3d 430, 434 (8th Cir. 2009) ("[T]he district court improperly equated age with vulnerability."); *United States v. Smith*, 930 F.2d 1450, 1455 (10th Cir. 1991) ("[I]t appears the district court [erroneously] equated 'elderly' status with per se vulnerability.").

*see also United States v. Stella*, 591 F.3d 23, 30 (1st Cir. 2009); *United States v. Echevarria*, 33 F.3d 175, 180-81 (2d Cir. 1994).[5]  This is especially so when the patient is hospitalized.[6]  *See United States v. Melvin*, 187 F.3d 1316, 1322 (11th Cir. 1999) (upholding district court's upward departure based upon its finding that juvenile patients are "especially vulnerable because they are, by nature of their hospitalization and their frailty, captive victims").

Brown argues that the patient in question was not more susceptible than any other person at the hospital to the initial theft, citing our decision in *Moree*, 897 F.2d at1335.  However, *Moree* states: "[a] condition that occurs as a *necessary prerequisite* to the commission of a crime cannot constitute an enhancing factor . . . ."  *Id.* (emphasis added).  It is not a "necessary prerequisite" to attempted credit/debit card abuse that a victim be hospitalized.  Instead, hospitalization makes *this victim* more vulnerable to this crime and less able to recognize and report the crime than the general population.  *See United States v. Hoogenboom*, 209 F.3d 665, 670-71 (7th Cir. 2000) ("One of the reasons for increasing a criminal penalty based on the type of victim is that vulnerable ones are less likely to report that they have been cheated, so crimes against them are more difficult to uncover.").  In light of the known facts of the victim's age and hospitalization, the district court's determination that the victim of Brown's 2002 offense was "vulnerable" for the purposes of applying § 3A1.1 was not clearly erroneous.  Therefore, we hold that the departure was not a procedural error.

---

[5] *United States v. Proffit*, 304 F.3d 1001, 1008 (10th Cir. 2002) is inapposite here.  That case involved a "sophisticated businessman" living on his ranch who had been diagnosed with cancer.  That case concluded, based on the victim's specific abilities and characteristics, that his cancer diagnosis, while impacting his life, did not make him a "vulnerable victim" within the meaning of the Guidelines given his sophistication and access to legal counsel.  *Id.* at 1007 ("In short, [the victim] is a sophisticated and successful businessman.").

[6] Indeed, Brown herself notes that many hospitals discourage patients from keeping valuables with them due, at least in part, to their increased susceptibility to theft.

No. 10-20092

Having determined that the district court's sentence was not procedurally flawed, we now review the sentence for reasonableness. We review sentences both inside and outside the Guidelines range for abuse of discretion. *United States v. Ortiz*, 613 F.3d 550, 554 (5th Cir. 2010); *see also United States v. Lara*, 975 F.2d 1120, 1125 & n.3 (5th Cir. 1992) ("[A]ppellate review must occur with full awareness of, and respect for, the trier's superior 'feel' for the case. We will not lightly disturb decisions to depart, or not, or related decisions implicating degrees of departure.") (citation omitted).

Brown argues that the district court abused its discretion because the extent of its departure for Count One, from twenty-four to thirty-six months, would require a four-level departure under the Guidelines, whereas § 3A1.1 only provides a two-level enhancement.[7]  A district court's departure from the Guidelines on the basis of the Sentencing Commission's commentary is not limited to the extent of the enhancement to which the comment relates. *See Melvin*, 187 F.3d at 1321-23 (upholding a fifteen-level departure based on the vulnerability and multiplicity of the victims, a combined four-level enhancement); *United States v. Hines*, 26 F.3d 1469, 1476 (9th Cir. 1994) (upholding a six-level departure pursuant to the commentary for § 3A1.2, a three-level enhancement).  Indeed, the repeated targeting of hospital patients, even following a conviction, constitutes a greater offense (and concomitant greater need to protect the public) than an isolated offense involving a vulnerable victim. *See* 18 U.S.C. § 3553(a)(2); *cf.* U.S.S.G. § 3A1.1(b)(2) (allowing an additional two-level sentencing enhancement for offenses involving a large number of vulnerable victims).

---

[7] Brown also complains that though the district court explained its decision to depart, it did not give an explanation for the extent of its departure. Though explaining the extent of departure in more detail is the better practice, we do not require greater explanation than was provided here. *United States v. Moore*, 997 F.2d 30, 36 & n.10 (5th Cir. 1993).

No. 10-20092

Furthermore, the extent of the district court's departure falls well within its discretion. *See, e.g.*, *United States v. Simkanin*, 420 F.3d 397, 419 (5th Cir. 2005) ("[T]he mere fact that the upward departure nearly doubled the Guidelines range does not render it unreasonable."). The imposed sentence was also well under the statutory maximum of thirty years. *See* 18 U.S.C. § 1344. Here, the district court noted the reason for its departure and determined that a sixty-month sentence satisfies the statutory requirements of 18 U.S.C. § 3553(a). On this record, we do not find its sentence to be substantively unreasonable.

### III. Conclusion

The record supports the district court's finding that the victim of Brown's 2002 offense was a "vulnerable victim." Similarly, the extent of the departure was not unreasonable. The district court's sentence is therefore AFFIRMED.