**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 27, 2012

Lyle W. Cayce
Clerk

No. 11-60615
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID BEASLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:10-CR-78-5

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

David Beasley pleaded guilty to conspiracy to commit wire fraud through a telemarketing scheme that victimized ten or more persons over the age of 55. *See* 18 U.S.C. §§ 1343, 1349, 2326. Beasley admitted that he, George Coe, Jr., and others defrauded several people through a scheme in which they called victims on the phone. The caller would falsely state that the victim had won a large cash prize that could not be claimed until the victim paid taxes or other fees via wire transmission to a person named by the caller. Several co-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conspirators acted as runners who picked up money wired by the victims at various locations, kept a portion of the proceeds for themselves, and then forwarded the remainder to the callers. Beasley and the other callers used these runners to avoid directly receiving money from the victims. The district court sentenced Beasley to 262 months of imprisonment and payment of restitution.

Beasley challenges his sentence on several grounds. We review sentences for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 46-50 (2007). First, we determine whether the district court committed any significant procedural error, such as improperly calculating the guideline range. *Id.* at 51. If there is no procedural error or the error is harmless, we may review the substantive reasonableness of the sentence. *Id.*; *United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009).

Beasley argues that the district court erred in holding him accountable for the harm to the victims whom he did not personally call, which resulted in a 14-level enhancement under U.S.S.G. § 2B1.1(b)(1). Because he preserved this claim in the district court, we review the district court's application of the Sentencing Guidelines de novo and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). The Government has the burden of proving by a preponderance of the evidence the facts that support a sentencing enhancement. *United States v. Rodriguez*, 523 F.3d 519, 524 (5th Cir. 2008). We will uphold a district court's factual finding on clear error review so long as the finding is plausible in light of the record as a whole. *United States v. Gonzales*, 436 F.3d 560, 584 (5th Cir. 2006). The § 2B1.1(b)(1) enhancement is a specific offense characteristic. Because Beasley's offense involved "a jointly undertaken criminal activity," U.S.S.G. § 1B1.3(a)(1)(B), we affirm the district court's application of the 14-level enhancement. *See* § 1B1.3(a) & comment. (n.2(c)(2)); § 2B1.1, comment. (n.3(A)).

Although Beasley argues that the district court erred in applying a four-level enhancement under U.S.S.G. § 3A1.1(b), the Government correctly observes

that this argument challenges two distinct adjustments under § 3A1.1(b)(1) and § 3A1.1(b)(2). Here, we consider Beasley's challenge to the § 3A1.1(b)(1) adjustment. The Government has the burden of establishing the facts necessary to support such an adjustment by a preponderance of the evidence. *United States v. Leonard*, 61 F.3d 1181, 1188 (5th Cir. 1995). "The determination that a victim is vulnerable is a factual finding which the district court is best suited to make." *United States v. Burgos*, 137 F.3d 841, 843 (5th Cir. 1998). Beasley preserved this issue, and we review the district court's factual finding for clear error. *See Cisneros-Gutierrez*, 517 F.3d at 764.

Beasley's relevant conduct under § 1B1.3 harmed more than 90 victims. More than 60 of those were over the age of 55. Beasley conceded that the names of some of the victims that he chose to call sounded like the names of elderly individuals, and he admitted that he could tell by the sound of a prospective victim's voice whether the person was elderly. In addition, Beasley admitted that he conducted a prior telemarketing fraud with Coe in which he did "basically the same thing," and that the prior fraud involved targeting elderly victims because he had "more chance of being successful" in defrauding them. The district court's finding that Beasley "knew or should have known" that at least one of the many victims of the scheme was a vulnerable victim was plausible in light of the record as a whole. § 3A1.1(b)(1); *see* § 3A1.1, comment. (n.4); *Gonzales*, 436 F.3d at 584.

Next, Beasley challenges the district court's finding that he was a leader or organizer of criminal activity involving five or more persons. Based on that finding, the district court applied the four-level adjustment in U.S.S.G. § 3B1.1(a). Because Beasley preserved his claim, we review the district court's factual finding that Beasley was a leader or organizer for clear error. *See United States v. Curtis*, 635 F.3d 704, 720 (5th Cir.), *cert. denied*, 132 S. Ct. 191 (2011).

Beasley and Coe made the majority of the phone calls and received a larger percentage of the proceeds from the criminal activity. Beasley admitted that he

would inform a runner when money had been wired, tell the runner where to retrieve the funds, and give the runner a reference number for the transaction. He admitted that runners sometimes wired funds to him directly. Beasley also admitted that he purchased leads independently of Coe, in addition to receiving some leads from him. Although Beasley testified that he did not personally recruit the runners, the other factors listed in the commentary to § 3B1.1 support the district court's finding that Beasley was an organizer of the conspiracy with Coe. *See* § 3B1.1, comment. (n.4); *Gonzales*, 436 F.3d at 584.

Beasley also argues that the district court erred by increasing his offense level under both § 2B1.1(b)(2)(B) and § 3A1.1(b). Because he failed to object on this basis in the district court, we review the claim for plain error. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). To show plain error, Beasley must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Application Note 4(D) to § 2B1.1 prohibits the application of both § 2B1.1(b)(2)(B) and § 3A1.1(b)(2). The application of § 3A1.1(b)(2) therefore constituted clear or obvious error. *See United States v. Villegas*, 404 F.3d 355, 363-64 (5th Cir. 2005). However, the Government correctly notes that this does not affect the propriety of the two-level adjustment under § 3A1.1(b)(1). *See* § 2B1.1, comment. (n.4(D)).

"In the sentencing context, we have held that an appellant can show an impact on substantial rights—and therefore a basis for reversal on plain error review—where the appellant can show a reasonable probability that, but for the district court's error, the appellant would have received a lower sentence." *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010); *see also United States v. Mudekunye*, 646 F.3d 281, 289-90 (5th Cir. 2011) (applying this test in

circumstances similar to this case).  If the district court had not mistakenly applied the § 3A1.1(b)(2) adjustment, Beasley's guideline range of imprisonment would have been 168 to 210 months.  Instead, the district court calculated an incorrect range of 210 to 262 months and sentenced Beasley at the top of that range. The district court's statements at the sentencing hearing reflect its intent to impose a guidelines sentence and therefore show a reasonable probability that Beasley would have received a lower sentence but for the error.  *See Mudekunye*, 646 F.3d at 290-91; *Davis*, 602 F.3d at 647.  In addition, the error seriously affected the fairness, integrity, or public reputation of judicial proceedings.  *See Mudekunye*, 646 F.3d at 291.  Accordingly, we vacate Beasley's sentence and remand for resentencing.  We do not reach Beasley's challenge to the district court's weighing of the 18 U.S.C. § 3553(a) factors.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR RESENTENCING.