# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11399
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 15, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MATTHEW MCGAUGH,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-105-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Matthew McGaugh pleaded guilty to sexual abuse of a ward pursuant to 18 U.S.C. § 2243(b), based on multiple sexual acts with an inmate assigned to the mental health unit of a federal corrections center while McGaugh was the inmate's case manager. McGaugh's offense level was computed including a two-level "vulnerable victim" enhancement. U.S.S.G. § 3A1.1(b). McGaugh appeals the application of this enhancement. He argues that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relied on an insufficient record to conclude the victim was unusually vulnerable.

The base offense level may be increased by two levels if "the defendant knew or should have known that a victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1). For the enhancement to apply, the victim must be "unusually vulnerable due to age, physical or mental condition," or other characteristics rendering the person "particularly susceptible to the criminal conduct." § 3A1.1 cmt. n.2. Whether a victim is unusually vulnerable is a factual finding best suited for the district court and will be reviewed only for clear error. *United States v. Wilcox*, 631 F.3d 740, 753-54 (5th Cir. 2011) (citing *United States v. Burgos*, 137 F.3d 841, 842 (5th Cir. 1998)). This court will affirm a finding of unusual vulnerability when plausible upon review of the record on the whole. *United States v. Myers*, 772 F.3d 213, 220 (5th Cir. 2014); *United States v. Jenkins*, 712 F.3d 209, 212 (5th Cir. 2013).

McGaugh does not challenge the fact that the victim suffered from a mental condition that led to self-mutilation through cutting. As her case manager, McGaugh knew of her condition and knew she was being treated by the mental health unit's chief psychologist. The district court did not clearly err in finding that McGaugh's victim was unusually vulnerable because she was in a medical unit being treated by a doctor for a history of cutting. That symptom suggests significant trauma, rendering the victim particularly susceptible to the defendant's advances, even if the record does not name her specific mental condition. *See Burgos*, 137 F.3d at 844; *United States v. Brown*, 399 F. App'x 949, 951-52 (5th Cir. 2010).

McGaugh's reliance on *United States v. Angeles-Mendoza*, 407 F.3d 742 (5th Cir. 2005), is misplaced. In that case, the victims' vulnerabilities had already been considered in setting the base offense level. *Id.* at 747-48. But

here, as the Government points out, the crime of sexual abuse of a ward does not require the victim be a person with a mental condition. *See* 18 U.S.C. § 2243(b). Thus, the "unusual vulnerability" of McGaugh's victim is not already accounted for in the base offense level. *Accord United States v. Garza*, 429 F.3d 165, 173 (5th Cir. 2005) (distinguishing *Angeles-Mendoza* and holding base sentencing level of mail fraud offense did not take victims' undocumented status into account).

The victim's conduct in preserving evidence of the incident and reporting McGaugh does not make her less vulnerable. This court does "not require that the victim be completely incapacitated or incapable of performing certain functions." *United States v. Futterman*, No. 92-9105, 1993 WL 391465, 2 (5th Cir. Sept. 23, 1993); *see also* 5TH CIR. R. 47.5.3 ("Unpublished opinions issued before January 1, 1996, are precedent."). It is plausible that the victim, suffering from mental health issues, was exploited based on her vulnerability, yet knew the act was improper and so reported McGaugh.

The district court did not clearly err because the record on the whole indicates McGaugh knew or should have known the victim was unusually vulnerable.

AFFIRMED.