*United States v. Cooper*

# United States Court of Appeals
# For the Second Circuit

August Term 2024

Argued: December 9, 2024
Decided: March 14, 2025

No. 23-6911

UNITED STATES OF AMERICA,

*Appellee,*

*v.*

NASIR COOPER, a.k.a. Sealed Defendant 1,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of New York
No. 22-cr-294, Katherine Polk Failla, *Judge.*

Before:   CHIN, SULLIVAN, and MENASHI, *Circuit Judges.*

Defendant Nasir Cooper appeals from a judgment of the district court following his conviction after a guilty plea to one count of possessing ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1).  On appeal, Cooper argues that the district court procedurally erred when it concluded that his prior conviction for second-degree attempted assault under New York Penal Law § 120.05(7) was a crime of violence pursuant to section 2K2.1(a) of the United States Sentencing Guidelines.  Because we agree with the district court that second-

degree attempted assault in violation of section 120.05(7) is a crime of violence, we affirm the district court's judgment.

AFFIRMED.

> SARAH KUNSTLER, Law Offices of Sarah Kunstler, Brooklyn, NY, *for Defendant-Appellant*.
>
> PETER J. DAVIS (Jacob R. Fiddelman, James Ligtenberg, *on the brief*), Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

PER CURIAM:

Defendant Nasir Cooper appeals from a judgment of the district court following his conviction after a guilty plea to one count of possessing ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Cooper to 57 months' imprisonment, to be followed by 3 years' supervised release, and imposed a $100 mandatory special assessment. On appeal, Cooper argues that the district court procedurally erred when it concluded that his prior conviction for second-degree attempted assault under New York Penal Law ("N.Y.P.L.") § 120.05(7) was a crime of violence pursuant to section 2K2.1(a) of the United States Sentencing Guidelines (the "Guidelines"). Because

we agree with the district court that second-degree attempted assault in violation of section 120.05(7) is a crime of violence, we affirm the district court's judgment.

## I. BACKGROUND

On November 12, 2020, in the middle of rush hour, Nasir Cooper fired multiple shots from a firearm on a street corner in the Bronx. Less than a week later, law enforcement officers tracked Cooper to his apartment, where they arrested him and recovered a single round of ammunition.

Following Cooper's indictment on one count of possessing ammunition as a convicted felon in violation of 18 U.S.C. § 922(g)(1), the government sent Cooper a letter setting forth its calculation of the advisory Sentencing Guidelines range in the event that Cooper pleaded guilty before trial. Because Cooper "committed the instant offense subsequent to sustaining two felony convictions for crimes of violence," the letter concluded that Cooper's base offense level was 24 pursuant to U.S.S.G. § 2K2.1(a)(4)(A). App'x at 23. On December 21, 2022, Cooper pleaded guilty to the indictment without the benefit of a plea agreement.

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"), which – consistent with the government's letter – concluded that Cooper's base offense level was 24 based on his two prior convictions for felony crimes of violence. The first crime of violence,

which is unchallenged on appeal, was for first-degree attempted assault, for which Cooper received a sentence of 4 years' imprisonment. While in custody, Cooper committed and was convicted of a separate felony offense, attempted assault in the second-degree with intent to injure another while confined in a correctional facility, for which he received a sentence of 1 to 3 years' incarceration. With respect to that conviction, the PSR noted that, while Cooper was "awaiting transportation back to a correctional facility from court," he "struck a uniformed officer in the face with a closed fist causing pain, dizziness, and fear," which ultimately resulted in "the officer [being] transported to a hospital for medical care." PSR ¶ 37.

Cooper objected to the PSR, arguing that second-degree attempted assault under N.Y.P.L. § 120.05(7) is not categorically a crime of violence under U.S.S.G. § 2K2.1(a) and that his base offense level should be 20. The district court disagreed and held that Cooper's previous conviction for second-degree attempted assault under N.Y.P.L. § 120.05(7) was indeed a crime of violence. The district court then determined that Cooper's base offense level was 24, resulting in an advisory Guidelines range of 57 to 71 months' imprisonment. The district court ultimately sentenced Cooper to 57 months' imprisonment, citing the

4

seriousness of Cooper's conduct, his "significant history of violence," the need to specifically deter Cooper, and the need to protect the public, notwithstanding the various mitigating factors raised by Cooper and considered by the district court.

On appeal, Cooper argues that the district court committed procedural error when it determined that his prior conviction for second-degree attempted assault was a crime of violence under U.S.S.G. § 2K2.1(a). Cooper first contends that he was not actually convicted of second-degree attempted assault under N.Y.P.L. § 120.05(7), as opposed to some other unspecified subsection of section 120.05. Alternatively, he asserts that, even if he *was* convicted under section 120.05(7), that crime does not meet the criteria for a categorical crime of violence under U.S.S.G. § 2K2.1(a). We disagree with both arguments, which we address in turn.

## II. DISCUSSION

We review the procedural reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence is procedurally unreasonable when the district court has committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the

5

[section] 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.*

## A. Cooper has waived any argument that his conviction for second-degree attempted assault was not made under N.Y.P.L. § 120.05(7).

When a party fails to raise an objection to a purported error below, any subsequent challenge may be deemed either "waived through explicit abandonment" or "forfeited through failure to object." *United States v. Jackson*, 346 F.3d 22, 24 (2d Cir. 2003). If a party unintentionally failed to raise a challenge below, we review that challenge on appeal for plain error. *See id.* However, when the party chooses not to object, we consider that claim waived and not entitled to appellate review. *See United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007) ("The law is well established that if, as a tactical matter, a party raises no objection to a purported error, such inaction constitutes a true waiver which will negate even plain error review." (internal quotation marks omitted)).

Here, Cooper argues that "the district court erred in finding that [he] had been convicted under N.Y.P.L. § 120.05(7) as the government failed to present – and the district court did not review – any documents indicating under which subsection of [N.Y.P.L.] § 120.05 [Cooper] was convicted." Cooper Br. at 24. But this argument ignores the fact that Cooper's own sentencing submissions—as well

6

as the government's—expressly identified section 120.05(7) as the statute of conviction for his attempted assault. In other words, Cooper not only failed to object; he expressly acknowledged that he had been convicted pursuant to section 120.05(7). *See, e.g.*, App'x at 67 (Cooper noting in his sentencing submission that his conviction "for Attempted Assault in the Second Degree [was] in violation of New York Penal Law . . . 120.05(7)"); *id.* at 68 n.2 (Cooper acknowledging that he "was convicted of Attempted Assault in the Second Degree in violation of New York Penal Law . . . 120.05(7)."); *id.* at 80 (Cooper arguing that his "conviction for [section] 110/120.05(7), is not a crime of violence for purposes of determining his base offense level under U.S.S.G. § 2K2.1(a)"); *see also id.* at 115 (Cooper stating during a hearing that "[t]here are multiple subsections" of N.Y.P.L. § 120.05 but that "he was convicted of[] section 7"). By failing to assert that he was convicted of violating a subsection *other than* section 120.05(7), and by repeatedly acknowledging that he was convicted under section 120.05(7) to argue that this offense did not qualify as a crime of violence, Cooper has waived his right to challenge the district court's finding on appeal. *See Quinones*, 511 F.3d at 321 ("A finding of true waiver applies with even more force when . . . defendants not only

failed to object to what they now describe as error, but they actively solicited it, in order to procure a perceived sentencing benefit.").

**B.    A conviction for second-degree attempted assault under N.Y.P.L. § 120.05(7) categorically constitutes a crime of violence for purposes of U.S.S.G. § 2K2.1(a).**

To determine whether a previously committed state law crime, such as second-degree attempted assault under N.Y.P.L. § 120.05(7), constitutes a crime of violence under U.S.S.G. § 2K2.1(a), we apply either the categorical or the modified categorical approach. *See United States v. Jones*, 878 F.3d 10, 16 (2d Cir. 2017). Under the categorical approach, we look at only the legal elements of the state statute, without considering any of the underlying facts of the crime, to determine whether the state statute proscribes conduct that does not qualify as a "crime of violence" pursuant to U.S.S.G. § 2K2.1(a). *See id.* If the state statute prohibits any conduct that does not constitute a crime of violence, then the crime of conviction does not categorically constitute a crime of violence under section 2K2.1(a). *See United States v. Moore*, 916 F.3d 231, 237–38 (2d Cir. 2019).

The *modified* categorical approach applies when the state statute is "divisible," meaning the statute "sets out one or more elements of the offense in the alternative – for example, stating that burglary involves entry into a building

*or* an automobile." *Descamps v. United States*, 570 U.S. 254, 257 (2013). In those situations, courts "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id*. Once the court determines which alternative applies to the defendant's conviction, the court then must apply the categorical approach, *i.e.*, compare the elements of the specific crime of conviction with the elements of the federal Guideline at issue. *See id.*

Because Cooper concedes that N.Y.P.L. § 120.05 is divisible and waived any argument that his second-degree attempted assault conviction was not under N.Y.P.L. § 120.05(7), we need only apply the categorical approach to determine if an offense under that subsection constitutes a crime of violence under U.S.S.G. § 2K2.1(a)(2).

We begin this inquiry by looking at the Guidelines themselves. The commentary to the 2021 Guidelines, which was the version of the Guidelines in effect at the time of Cooper's sentencing, provides that the term "crime of violence" has "the meaning given that term in [section] 4B1.2(a) and Application Note 1 of the Commentary to [section] 4B1.2." U.S.S.G. § 2K2.1 cmt. n.1. Section 4B1.2(a) in turn provides in relevant part that "[t]he term 'crime of violence' means

any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that . . . has an element the use, attempted use, or threatened use of physical force against the person of another." *Id.* § 4B1.2(a). And Application Note 1 of the Commentary to section 4B1.2 explicitly makes clear that the term "crime of violence" includes "the offenses of . . . attempting to commit such offenses." *Id.* § 4B1.2 cmt. n.1.[1]

N.Y.P.L. § 120.05(7) provides that "[a] person is guilty of assault in the second degree when . . . [h]aving been charged with or convicted of a crime and while confined in a correctional facility . . . with intent to cause physical injury to another person, he causes such injury to such person or to a third person." N.Y.P.L. § 120.05(7). The term "physical injury" in section 120.05(7) means "impairment of physical condition or substantial pain." *Id.* § 10.00(9). To be guilty of attempted second-degree assault, a person must contemporaneously act "with the intent to commit" and "engage[] in conduct which tends to effect the commission of such crime." *Id.* § 110.00; *see United States v. Tabb*, 949 F.3d 81, 86 (2d Cir. 2020) (explaining that attempt under New York law requires both "intent to commit the crime and an action taken by an accused so near to the crime's

---

[1] Cooper was sentenced pursuant to the 2021 version of the Sentencing Guidelines. The current version of the Guidelines includes this language in U.S.S.G. § 4B1.2(d).

10

accomplishment that in all reasonable probability the crime itself would have been committed" (alterations accepted and internal quotation marks omitted)).

Cooper argues on appeal that a conviction under section 120.05(7) does not categorically qualify as a crime of violence under the Guidelines because section 120.05(7) requires only the intent to cause "physical injury" – of any kind – instead of "serious physical injury." Cooper Br. at 35. New York law defines "serious physical injury" as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." N.Y.P.L. § 10.00(10). According to Cooper, a crime of violence requires physical force capable of causing this type of injury because the "physical force" element of a crime of violence means "*violent force, i.e.*, force capable of causing physical pain or injury to another." Cooper Br. at 36 (emphasis added) (internal quotation marks omitted). He insists that "violent force" requires "a substantial degree of force," *id.* (internal quotation marks omitted), and that section 120.05(7) does not require as much force because it requires only the force necessary to cause physical injury to another person. Put simply, Cooper claims that section 120.05(7) is not categorically a crime of violence under the Guidelines

11

because "a conviction under [section] 120.05(7) requires only the intent to cause physical injury – of any degree" – instead of requiring "the use of violent physical force" like U.S.S.G. § 2K2.1(a). *Id.* at 40 (internal quotation marks omitted). We disagree.

Cooper overstates the amount of force that is required to satisfy the "use of physical force" element of a crime of violence under the Sentencing Guidelines. U.S.S.G. § 4B1.2(a) (use of physical force); *id.* § 2K2.1(a) (crime of violence). Both this Court and the Supreme Court have made clear that the "physical force" required for an offense to be a crime of violence under the Guidelines is "force capable of causing physical pain or injury to another person." *United States v. Scott*, 990 F.3d 94, 111 (2d Cir. 2021) (*en banc*); *see Stokeling v. United States*, 586 U.S. 73, 84 (2019) ("[T]he Court has repeated its holding that 'physical force' means 'force capable of causing physical pain or injury.'" (citations omitted)).[2] This is not a high standard to meet. Indeed, as the Supreme Court noted, "force as small as hitting, slapping, shoving, grabbing, pinching, biting, and hairpulling" all

---

[2] *Stokeling*, like *Lassend v. United States*, 898 F.3d 115 (1st Cir. 2018), referenced below, concerned the definition of "violent felony" under the Armed Career Criminal Act, as opposed to the definition of "crime of violence" under the United States Sentencing Guidelines. But our case law is clear that the Armed Career Criminal Act's "definition of 'violent felony' is identical in all material respects to . . . [the] definition of 'crime of violence'" under the Guidelines. *United States v. Reyes*, 691 F.3d 453, 458 n.1 (2d Cir. 2012).

qualify as physical force because "none of those actions bears any real resemblance to mere offensive touching, and all of them are capable of causing physical pain or injury." *Stokeling*, 586 U.S. at 85.

The New York Court of Appeals has made clear that N.Y.P.L. § 120.05(7) requires at least as much force as U.S.S.G. § 2K2.1(a). *See, e.g.*, *People v. Chiddick*, 8 N.Y.3d 445, 448 (2007) (holding that "petty slaps, shoves, kicks[,] and the like" do not inflict "physical injury" as defined by the New York assault statutes (internal quotation marks omitted)); *see also People v. Godfrey*, 157 N.Y.S.3d 18, 19 (1st Dep't 2021) (noting that "petty slaps, shoves, kicks and the like" do not amount to "physical injury"). Indeed, New York Penal Law section 10.00(9) defines "physical injury" as "impairment of physical condition or substantial pain." We therefore see no world in which a person could be convicted of second-degree attempted assault under section 120.05(7) without clearing the low hurdle for a crime of violence articulated by the Supreme Court in *Stokeling*. *See* 586 U.S. at 85.

Tellingly, Cooper has identified no case in which a defendant was convicted of second-degree assault under section 120.05(7) while using less "physical force"

than is required to commit a crime of violence under U.S.S.G. § 2K2.1(a).[3]   This is

hardly surprising, as the First Circuit likewise observed the lack of "a single New

York case in which a conviction under § 120.05(7) has been obtained based on

nonviolent conduct."   *Lassend v. United States*, 898 F.3d 115, 127 (1st Cir. 2018).

Based on the clarity of New York's precedent, and the lack of any caselaw to the

contrary, we do not see a "realistic probability" that section 120.05(7) could be

applied to conduct that does not amount to a crime of violence under the

Guidelines.   *United States v. Hill*, 890 F.3d 51, 59 (2d Cir. 2018).

Cooper raises two arguments that have already been rejected by the

Supreme Court.   First, Cooper relies on *United States v. Castleman*, 572 U.S. 157

(2014), for the proposition that "[m]inor uses of force may not constitute violence

in the generic sense."   Cooper Br. at 36 (internal quotation marks omitted).   The

---

[3] Cooper relies on *Villanueva v. United States*, 893 F.3d 123 (2d Cir. 2018), which stated in a footnote that an offense must have as an element the intent to cause "serious physical injury" to constitute a "violent felony."   *Id.* at 130 n.6.   But *Villanueva* was decided before *Stokeling*, which makes clear that "force as small as hitting, slapping, shoving, grabbing, pinching, biting, and hairpulling" causes enough "physical pain or injury" to overcome the low hurdle for what constitutes a crime of violence.   586 U.S. at 85 (internal quotation marks omitted).   Accordingly, even assuming that the *Villanueva* footnote was not merely dicta in the first place, it cannot survive the authoritative pronouncement of the Supreme Court in *Stokeling*.   For the same reason, Cooper's reliance on *United States v. Dobey*, No. 18-cr-787 (LGS), 2019 WL 5205475 (S.D.N.Y. Oct. 16, 2019), is unpersuasive.   The district court in that case deemed N.Y.P.L. § 120.05(7) not to be a categorical "crime of violence" because it requires one to have caused only "physical injury" instead of "serious physical injury."   *Id.* at *5 (internal quotation marks omitted).   We agree with the district court below, which rejected the reasoning of *Dobey* in light of intervening precedent.   *See* App'x at 117; *see id.* at 140–41.

14

defendant in *Stokeling* raised the same argument, and the Supreme Court rejected it as a "misread[ing of] that opinion." 586 U.S. at 85. *Castleman* thus provides no support for Cooper's reading of the Guidelines.

Second, Cooper relies on statements from *Johnson v. United States*, 559 U.S. 133 (2010), in which the Supreme Court described a violent felony as requiring "a substantial degree of force" and "strong physical force." Cooper Br. at 36 (internal quotation marks omitted). Again, the Supreme Court in *Stokeling* rejected the defendant's attempt to "cherry pick[] adjectives" from *Johnson*. 586 U.S. at 83. These adjectives supported the holding in *Johnson* but "cannot bear the weight [Cooper] would place on them." *Id.* Under *Johnson* and *Stokeling*, "physical force means force capable of causing physical pain or injury." *Id.* at 84 (internal quotation marks omitted). Nothing more, and nothing less.

For all these reasons, we hold that a violation of N.Y.P.L. § 120.05(7) is categorically a crime of violence as defined by section 2K2.1(a) of the Sentencing Guidelines.

### III.   CONCLUSION

We agree with the district court that Cooper was convicted of second-degree attempted assault under N.Y.P.L. § 120.05(7) and that such crime constitutes a

15

crime of violence under U.S.S.G. § 2K2.1(a).   We therefore conclude that the district court did not commit procedural error in determining Cooper's base offense level.   Accordingly, we **AFFIRM** the judgment of the district court.