24-2696-cr
*United States v. Williams*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty-five.

PRESENT:
> RICHARD C. WESLEY,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> > *Circuit Judges*.

---

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                                            24-2696-cr

HASAN WILLIAMS, AKA HASAAN WILLIAMS, AKA HASSA WILLIAMS, AKA CRASH WILLIAMS,

*Defendant-Appellant*.

---

FOR APPELLEE:                          NATHANAEL T. BURRIS, Assistant United States Attorney (Paul J. Van De Graaf, Assistant United States Attorney, *on the brief*), *for* Michael P. Drescher, Acting United States Attorney for the District of Vermont, Burlington, Vermont.

FOR DEFENDANT-APPELLANT:                    BARCLAY T. JOHNSON, Assistant Federal Public
                                            Defender, *for* Michael L. Desautels, Federal
                                            Public Defender for the District of Vermont,
                                            Burlington, Vermont.

Appeal from a judgment of the United States District Court for the District of Vermont
(William K. Sessions III, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND
DECREED** that the judgment, entered on September 30, 2024, is **AFFIRMED**.

Defendant-Appellant Hasan Williams appeals from the district court's judgment of
conviction, following his guilty plea to one count of possession of a firearm after having been
convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).  At sentencing, over Williams's
objection, the district court determined that Williams's prior felony conviction for assault and
robbery under Vermont law, Vt. Stat. Ann. ("V.S.A.") 13, § 608(a), constituted a "crime of
violence" pursuant to the United States Sentencing Guidelines (the "Guidelines"), U.S.S.G.
§ 4B1.2(a) (2023), resulting in a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A) (2023),
rather than a base offense level of 14 under U.S.S.G. § 2K2.1(a)(6)(A) (2023).[1]  The district court
sentenced Williams principally to 60 months' imprisonment, to be followed by a three-year term
of supervised release.  Williams's sole contention on appeal is that the district court erred in
determining that his prior Vermont conviction for assault and robbery qualified as a "crime of
violence" under Section 4B1.2(a), and that error improperly increased his base offense under

---

[1]  All references are to the 2023 edition of the Guidelines, which was in effect at the time of sentencing.
*See* U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the
defendant is sentenced.").  The district court sentenced Williams in September 2024, and the 2024 version
of the Guidelines was not effective until November 1, 2024.

2

Section 2K2.1(a). We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

"We review the district court's factual findings for clear error and its interpretation and application of the Sentencing Guidelines *de novo*." *United States v. Washington*, 103 F.4th 917, 920 (2d Cir. 2024).

Section 2K2.1(a)(4)(A) provides that the base offense level for the offense of firearm possession by a prohibited person, "subsequent to . . . one felony conviction," shall be increased by six levels—from level 14 to level 20—if the prior felony constitutes a "crime of violence." U.S.S.G. §§ 2K2.1(a)(4)(A), (a)(6)(A). Section 4B1.2(a) defines a "crime of violence" as any felony under federal or state law that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "force clause"); or (2) is one of several enumerated offenses, including, *inter alia*, robbery (the "enumerated offense clause"). U.S.S.G. § 4B1.2(a) (2023); *see* U.S.S.G. § 2K2.1 cmt. n.1 (2023) (explaining that § 4B1.2's definition of "crime of violence" applies under § 2K2.1).

To determine whether a felony constitutes a crime of violence, a court must "compare the elements of the specific crime of conviction with the elements of the federal Guideline at issue," *United States v. Cooper*, 131 F.4th 127, 131 (2d Cir. 2025) (per curiam), which here requires a comparison both to the force clause and to the "generic" definition of the enumerated offense, *see United States v. Chappelle*, 41 F.4th 102, 109 (2d Cir. 2022).

We assess the elements of a prior felony and compare them to the definition of a crime of violence by applying either the categorical or the modified categorical approach. *See United States v. Morris*, 61 F.4th 311, 317–18 (2d Cir. 2023). "Under the categorical approach, we look at only

the legal elements of the state statute, without considering any of the underlying facts of the crime, to determine whether the state statute proscribes conduct that does not qualify as a 'crime of violence' pursuant to U.S.S.G. § 2K2.1(a)." *Cooper*, 131 F.4th at 131. Elements, of course, are the "constituent parts of a crime's legal definition—the things the prosecution must prove to sustain a conviction." *Mathis v. United States*, 579 U.S. 500, 504 (2016) (internal quotation marks and citation omitted). "If the state statute prohibits any conduct that does not constitute a crime of violence, then the crime of conviction does not categorically constitute a crime of violence under section 2K2.1(a)." *Cooper*, 131 F.4th at 131. However, if a statute is "'divisible,' meaning the statute 'sets out one or more elements of the offense in the alternative," we apply the "modified categorical approach," which allows the court to "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative [version of the offense] formed the basis of the defendant's prior conviction." *Id*. (internal quotation marks and citation omitted). If the variant of the offense that forms the basis for the prior conviction categorically includes an element outlined in the force clause or matches the generic definition of an enumerated offense, then it constitutes a crime of violence. *See id*.

## I.    Divisibility and the Modified Categorical Approach

Williams contends that Vermont's assault and robbery statute "is not divisible as to the type of [simple] assault" committed because it is not "clear that a jury would have to be unanimous as to which of the three types of assault [in Section 1023(a)] were involved." Appellant's Br. at 13.

Under Vermont law, Williams's prior offense, assault and robbery, occurs when: "[a] person . . . assaults another and robs, steals, or takes from his or her person or in his or her presence money or other property that may be the subject of larceny . . . ." 13 V.S.A. § 608(a). The assault

4

prong of this statute incorporates the variants of simple assault outlined in Vermont's simple assault statute, *see State v. Francis*, 561 A.2d 392, 397–98 (Vt. 1989), which states:

> (a) A person is guilty of simple assault if he or she:
>
> > (1) attempts to cause or purposely, knowingly, or recklessly causes bodily injury to another; or
> >
> > (2) negligently causes bodily injury to another with a deadly weapon; or
> >
> > (3) attempts by physical menace to put another in fear of imminent serious bodily injury. [(the "physical menace subsection")]

13 V.S.A. § 1023(a).

Here, Williams asserts, and the government does not dispute, that the first and second subsections of the simple assault statute do not meet the definition of a crime of violence.[2] Thus, before we can determine whether Williams's prior conviction constitutes a crime of violence under either the force clause or the enumerated offense clause, we first must assure ourselves that the district court correctly determined that the assault and robbery statute and the simple assault statute incorporated therein is divisible.

A statute is divisible when it "sets out one or more of the elements of the offense in the alternative," *Descamps v. United States*, 570 U.S. 254, 257 (2013), such as where a statute "lists multiple elements disjunctively," *Mathis*, 579 U.S. at 506. However, a statute is indivisible when it "enumerates various factual means of committing a single element." *Mathis*, 579 U.S. at 506.

---

[2] These subsections support a conviction when a defendant "(1) attempts to cause or purposely, knowingly, or *recklessly* causes bodily injury to another; or (2) *negligently* causes bodily injury to another with a deadly weapon." 13 V.S.A. §§ 1023(a)(1), (a)(2) (emphases added). When analyzing a statutory subsection identical to the force clause at issue here, the Supreme Court held that "[o]ffenses with a *mens rea* of recklessness do not qualify as violent felonies." *Borden v. United States*, 593 U.S. 420, 445 (2021) (emphasis original) (discussing 18 U.S.C. § 924(e)(2)(B)(i)). Moreover, "[i]n the hierarchy of mental states that may be required as a condition for criminal liability, the *mens rea* just above negligence is recklessness." *Elonis v. United States*, 575 U.S. 723, 745 (2015) (Alito, J., concurring in part and dissenting in part). Therefore, if recklessness is an insufficient mental state, then so too is negligence.

5

If, for instance, "a statute requires use of a deadly weapon as an element of a crime and further provides that the use of a knife, gun, bat, or similar weapon would all qualify," then this portion of the statute would be indivisible because it "specifies diverse means of satisfying a single element" (the deadly weapon requirement) and "[a] jury could convict even if some jurors concluded that the defendant used a knife while others concluded he used a gun." *Id.* (alterations adopted) (internal quotation marks and citations omitted). "To determine whether the statute is divisible, we look to the statute's text and state court decisions interpreting it." *Stankiewicz v. Garland*, 103 F.4th 119, 129 (2d Cir. 2024).

Here, we conclude that Vermont's assault and robbery statute, and its simple assault statute incorporated therein, is clearly divisible. Rather than "lay[ing] out alternative ways of satisfying a *single* . . . element," *Mathis*, 579 U.S. at 507 (emphasis added), the statute "effectively creates several different crimes" based on the different forms of simple assault, *Descamps*, 570 U.S. at 264 (alteration adopted) (internal quotation marks and citation omitted). Specifically, as noted above, the simple assault statute lists three distinct forms of simple assault with alternative sets of elements and does so disjunctively by separating each subsection with the term "or." *See* 13 V.S.A. § 1023(a) ("(1) attempts to cause or purposely, knowingly, or recklessly causes bodily injury to another; *or* (2) negligently causes bodily injury to another with a deadly weapon; *or* (3) attempts by physical menace to put another in fear of imminent serious bodily injury." (emphases added)). This reading of the assault and robbery statute—as incorporating the three forms of simple assault outlined in Section 1023(a) as alternative elements that thereby create different assault and robbery crimes based on each form of simple assault—is supported by precedent from the Vermont Supreme Court, which describes the simple assault subsections as disjunctive

6

elements. *See, e.g.*, *State v. Bockus*, 312 A.3d 533, 543 (Vt. 2024) (characterizing Section 1023(a)(3) as the "physical-menace element" of the assault and robbery statute at issue). Thus, we reject Williams's contention that Section 1023(a) is indivisible. And we see no reason to conclude that the otherwise divisible simple assault statute becomes *indivisible* when incorporated as an element of Section 608(a)—the assault and robbery statute.

## II.     Crime of Violence

Having determined that Vermont's assault and robbery statute is divisible and incorporates three forms of simple assault as alternative elements, Williams's conviction must have been based on the physical menace subsection, rather than one of the two other variants of simple assault described *supra* in note 1, neither of which can constitute a crime of violence. *Compare* 13 V.S.A. § 1023(a)(1) & (2), *with* 13 V.S.A. § 1023(a)(3). Williams does not dispute that if Section 1023(a) is divisible, the district court correctly determined that, based on his plea colloquy, his assault and robbery conviction was based on the physical menace subsection under Section 1023(a)(3). Williams argues that, even assuming *arguendo* the statute is divisible and his conviction arose under the physical menace subsection, the district court nonetheless erred in determining that he committed a crime of violence.

After a district court determines which alternative element of a divisible statute formed the basis for a defendant's conviction, it "then return[s] to the categorical analysis and compare[s] the elements of the offense of conviction with . . . [the] definition of a crime of violence." *United States v. Davis*, 74 F.4th 50, 53 (2d Cir. 2023) (internal quotation marks and citation omitted). Williams challenges the district court's crime of violence determination because (1) as to the force clause, "[t]he District Court did not explain its conclusion that [the physical menace subsection]

7

categorically ha[s] as an element the use, attempted use, or threatened use of physical force within the meaning of § 4B1.2(a)(1)," Appellant's Br. at 14, and (2) as to the enumerated offense clause, "Vermont's section 608 does not qualify as a generic robbery because it does not require that the assault be the method by which the illegal taking is accomplished," *id.* at 20. As set forth below, we conclude that the district court correctly determined that assault and robbery, based on simple assault by physical menace, constitutes a crime of violence under the force clause.

The force clause requires that a crime of violence "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1) (2023). Williams asserts that, under *Taylor v. United States*, 596 U.S. 845 (2022), assault and robbery, as based on simple assault by physical menace, cannot qualify as a crime of violence. We disagree. In *Taylor*, the Supreme Court held, under a statutory subsection analogous to the force clause, namely, 18 U.S.C. § 924(c)(3)(A), that attempted Hobbs Act robbery did not qualify as a crime of violence because "[n]o *element* of attempted Hobbs Act robbery require[d] the government to prove beyond a reasonable doubt that the defendant used, attempted to use, or even threatened to use force." *Id.* at 854; *compare* 18 U.S.C. § 924(c)(3)(A), *with* U.S.S.G. § 4B1.2(a)(1). Attempted Hobbs Act robbery merely required that: "(1) [t]he defendant *intended* to unlawfully take or obtain personal property by means of actual or threatened force, and (2) he completed a '*substantial step*' toward that end." *Taylor*, 596 U.S. at 851 (emphases added). As the Court explained, "an intention is just that, no more. And whatever a substantial step requires, it does not require the government to prove that the defendant used, attempted to use, or even threatened to use force against another person or his property." *Id.* In short, *Taylor* stands for the

principle that a substantial step towards a threat to use force is neither an attempt to use it nor a threat to do so.

Williams asserts that the physical menace subsection is identical to attempted Hobbs Act robbery in that it criminalizes a mere "intent to put the victim in fear of serious bodily injury and . . . some initial step towards the beginning of the offense." Appellant's Br. at 20. This argument misconstrues the physical menace subsection. That subsection states that "[a] person is guilty of simple assault if he or she . . . attempts *by physical menace* to put another in fear of imminent serious bodily injury." 13 V.S.A. § 1023(a)(3) (emphasis added). As Williams concedes, "physical menace" is defined by the Vermont Supreme Court as "a threat, by word or act, to inflict physical injury upon another person." *State v. Gagne*, 148 A.3d 986, 997 (Vt. 2016); *see also Matthews v. Barr*, 927 F.3d 606, 622 n.11 (2d Cir. 2019) ("[F]ederal courts are bound by the highest state court's interpretations of state law."). Therefore, the physical menace subsection requires an attempt, *by threat* to inflict physical injury upon another person, to put another in fear of imminent serious bodily injury. *See Gagne*, 148 A.3d at 997; 13 V.S.A. § 1023(a)(3).

The statute requires an attempt *and* a threat, not simply an attempted threat. *See Gagne*, 202 Vt. at 268 (approving a jury instruction requiring the state to prove "(1) that defendant attempted to put another in fear of imminent serious bodily injury, and (2) a threat, by word or act, to inflict physical injury upon another person"). We therefore conclude that every conviction of assault and robbery based on the physical menace subsection of the simple assault statute "has as an element the . . . threatened use of physical force against the person of another." U.S.S.G. § 4B1.2(a)(1) (2023). Accordingly, we conclude that this type of conviction categorically qualifies

9

as a crime of violence under the force clause and, thus, the district court correctly increased Williams's base offense level by six levels under Section 2K2.1(a)(4) of the Guidelines.[3]

*   *   *

We have considered Williams's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[3] We therefore need not, and do not, address whether Section 608 also qualifies as a crime of violence under the enumerated offense clause.