*U.S. v. Ramos*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand twenty-six.

PRESENT:
> JOHN M. WALKER, JR.,
> BETH ROBINSON,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                                No. 24-293

ORTEXIS RAMOS,

> *Defendant-Appellant*.

_____

FOR APPELLEE:                                  Karen L. Peck, Conor M. Reardon,
                                                             Assistant United States Attorneys, *for*

David X. Sullivan, United States Attorney for the District of Connecticut, New Haven, CT.

FOR DEFENDANT-APPELLANT: Jillian S. Harrington, Law Offices of Jillian S. Harrington, *counsel at time of submission*, Staten Island, NY; Daniel M. Perez, Law Offices of Daniel M. Perez, *on the brief*, Newton, NJ.

Appeal from a judgment of the United States District Court for the District of Connecticut (Williams, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's January 29, 2024 judgment is **VACATED** and this matter is **REMANDED** for imposition of a sentence consistent with this order.

Defendant-Appellant Ortexis Ramos appeals from a judgment of the United States District Court for the District of Connecticut (Omar Williams, *Judge*) sentencing him principally to 72 months' (six years') imprisonment, to be followed by three years of supervised release. Ramos pled guilty to one count of possession of a firearm after having previously been convicted of a felony, in violation of U.S.C. § 922(g)(1) and § 924(a)(8). On appeal, Ramos challenges both the procedural and substantive reasonableness of his sentence. We assume the

parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision.

On September 16, 2022, Ramos, who had a prior felony conviction for murder using a firearm, was a passenger in a parked vehicle that was approached by police. When officers attempted to speak to the driver, they found Ramos's behavior suspicious and ordered him to exit the vehicle. Ramos fled. After a short foot chase and brief struggle, Ramos was apprehended; police found a semi-automatic handgun in his front jacket pocket, loaded with multiple rounds of ammunition within a large capacity magazine in violation of state law. Ramos did not use, discharge, threaten to use, or otherwise display the firearm.

In sentencing Ramos, the district court adopted the Probation Office's recommended advisory Guidelines range of 30–37 months. That range was based on a total offense level of 17 (base offense level of 20, reduced by three levels for his prompt acceptance of responsibility) and a criminal history category of III. The district court denied the government's request for a reckless-endangerment enhancement under U.S.S.G. § 3C1.2, agreeing with Probation that the record did not support a finding that Ramos created a substantial risk of death or serious bodily injury when he attempted to flee from law enforcement. At sentencing, the

government requested an above-Guidelines sentence of 46 months while the defense sought a below-Guidelines sentence of 18 months. The district court sentenced Ramos primarily to 72 months of incarceration.

On appeal, Ramos argues that the district court's failure to adequately explain its decision to impose its above-Guidelines sentence and, in particular, the extent of that upward variance was error. Because the district court's upward variance rested largely on a specific factor already encompassed within the advisory Guidelines calculation adopted by the district court—the fact that Ramos committed this offense while on probation—and the district court did not explain why that particular factor nevertheless supported an upward variance, we agree.

## I. Procedural Reasonableness[1]

We generally review "the procedural reasonableness of a sentence for abuse of discretion." *United States v. Cooper*, 131 F.4th 127, 130 (2d Cir. 2025).[2] A sentence is procedurally unreasonable if the district court commits "significant procedural

---

[1] Although Ramos's brief focuses primarily on his challenge to the substantive reasonableness of his sentence, he expressly challenges the procedural reasonableness of the sentence as well, and his claim that the district court provided "no reason why" a 72-month sentence was required implicates the procedural adequacy of the court's explanation under *Gall v. United States*, 552 U.S. 38, 51 (2007). We thus view this as primarily a procedural challenge.

[2] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, footnotes, and citations, and accepts all alterations, unless otherwise noted.

4

error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

A *major* variance from the advisory Guidelines range must be supported by "a more significant justification than a minor one." *Id.* at 50; *see also United States v. Jones*, 531 F.3d 163, 171–172 (2d Cir. 2008). District judges "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance" so as to permit "meaningful appellate review." *Gall*, 552 U.S. at 50; *see also Peugh v. United States*, 569 U.S. 530, 543 (2013) ("[A] district court varying from the Federal Guidelines should provide an explanation adequate to the *extent* of the departure.") (emphasis added).

Further, and critically in this case, where a sentencing court relies on factors already incorporated into the Guidelines calculation to impose an upward variance, it "must articulate specifically the reasons that this particular defendant's situation is different from the ordinary situation covered by the Guidelines calculation." *United States v. Sindima*, 488 F.3d 81, 87 (2d Cir. 2007).

Where, as here, the defendant did not object on procedural grounds at sentencing to a court's failure to explain its reasoning, we review for plain error. *See United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020).

This case involves a major upward variance. The district court imposed a sentence of 72 months' imprisonment—nearly double the *top* of the advisory Guidelines range of 37 months and more than 50% higher than the 46-month sentence sought by the government. In explaining its variance, the district court relied principally on the following considerations:

> Mr. Ramos was on parole for murder (which he committed with a firearm) when he was caught possessing this loaded firearm (with an extended magazine) and fled from (and struggled with) police. His parole does not expire until 2029. The sentence reflects the serious offense within that context, and the need to deter the defendant and others from future crimes, while protecting the public from the defendant (whose flight suggests he knew he was violating the law).

Statement of Reasons (SOR), Dist. Ct. Dkt. 44 at 4. The district court's oral explanation of its sentence likewise emphasizes the fact that Ramos committed this offense (1) while on parole (2) for an offense—murder—that he had committed with a gun.

But the fact that Ramos committed this offense while on parole was expressly accounted for in the district court's Guidelines calculation. Specifically,

Probation added one criminal history point pursuant to U.S.S.G. § 4A1.1(e) to account for the fact that Ramos committed this offense while under a criminal justice sentence. That adjustment increased Ramos's criminal history from Category II to Category III, thereby shifting his advisory Guidelines range from 27–33 to 30–37 months of imprisonment.

With respect to his status as a parolee at the time he unlawfully possessed a firearm—a factor the district court emphasized in explaining its upward variance, the district court did not sufficiently "articulate specifically the reasons" why it believed Ramos's "situation is different from the ordinary situation" covered by the Guidelines here. *Sindima*, 488 F.3d at 87. It emphasized that Ramos committed this offense while on parole, but it did not acknowledge that this fact was already baked into the court's Guidelines calculation and did not explain why this fact bore greater-than-usual weight in this case. Especially in light of the magnitude of the court's upward variance from the advisory Guidelines range in this case, the omission of further explanation regarding this specific point constitutes procedural error. *See United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (a variance from a Guidelines sentence must have a "justification [that] is sufficiently compelling to support the degree of the variance").

Moreover, that error was plain. That Ramos's Guidelines calculation already took into account that he committed this offense while on parole was reflected in Probation's Presentence Report, and, given the district court's emphasis on this factor, the error affected Ramos's substantial rights and the fairness of the proceedings. *See United States v. Aldeen*, 792 F.3d 247, 253 (2d Cir. 2015), *as amended* (July 22, 2015) (concluding that the district court committed plain error in sentencing a defendant for violating supervised release conditions without adequately explaining its substantially above-Guidelines sentence). On this record, "we are not persuaded that the district court provided a sufficiently compelling justification to support the degree of variance." *Id.*

## II.    Substantive Reasonableness

Because we conclude that the district court committed procedural error requiring vacatur and remand, we need not reach Ramos's challenge to the substantive reasonableness of his sentence. *See United States v. Juwa*, 508 F.3d 694, 699 (2d Cir. 2007).

* * *

Because we conclude that the district court's sentence relied in part on the fact that Ramos committed this offense while on parole, and that the district court

8

did not adequately explain why this factor warranted a major variance above the Guidelines range in light of the fact that the Guidelines calculation accounted for that factor, we vacate and remand to the district court. If the district court determines that the same sentence is warranted, it may reimpose that sentence along with a "sufficiently compelling" statement of reasons addressing this factor. *Sindima*, 488 F.3d at 88. If, however, in light of the above discussion it determines that a different sentence is warranted, it may impose that sentence accompanied by a statement of the reasons for it.

Accordingly, the sentence imposed by the district court is **VACATED** and this matter is **REMANDED** for proceedings consistent with this order, including the reimposition of a sentence in open court with the parties present.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9