25-15-cr
*United States v. Connearney*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand twenty-six.

Present:

> AMALYA L. KEARSE,
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.          25-15-cr

MARTIN CONNEARNEY,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | RAJIT S. DOSANJH (Benjamin S. Clark, *on the brief*), Assistant United States Attorneys, *for* John A. Sarcone III, United States Attorney for the Northern District of New York, Syracuse, NY |
| For Defendant-Appellant: | JAMES P. EGAN, Assistant Federal Public Defender, Federal Public Defender's Office, Northern District of New York, Syracuse, NY |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Anne M. Nardacci, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-Appellant Martin Connearney appeals from a criminal judgment of the United States District Court for the Northern District of New York entered on December 20, 2024, following a guilty plea.

In April 2022, Martin Connearney messaged a man, whom he believed to be a single father, on the "FetLife" app. On the app, the single father claimed to have a ten-year-old daughter with hearing and speech issues, and advertised that he was looking for "a mentor" who could "teach" his daughter to "share our kinks." Connearney messaged the man to express his interest in having a sexual relationship with the young girl. After several weeks of correspondence, which included explicit text messages, photos, and phone calls, it was arranged that Connearney would move from Massachusetts to New York to live with the man and his daughter. Unbeknownst to Connearney, the "single father" he was messaging was actually an undercover law enforcement officer, and the daughter did not exist. While in transit to the undercover officer's purported home, Connearney stopped at a gas station where he was immediately arrested.

Thereafter, Connearney was charged in a one-count indictment with traveling with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. § 2423(b) and (f)(1). He pled guilty to the indictment pursuant to a written plea agreement. The district court sentenced Connearney to 151 months of imprisonment, to be followed by twenty years of supervised release.

On appeal, Connearney argues that the district court's imposition of a 151-month prison sentence was procedurally unreasonable because: (1) the district court erred in imposing U.S.S.G.

2

§ 3A1.1's vulnerable victim adjustment, where the victim of the crimes was fictitious; and (2) the district court relied on a factually inaccurate assessment of his criminal history when fashioning his sentence. We assume the parties' familiarity with the case.

## I. The District Court's Application of the Vulnerable Victim Adjustment

The Sentencing Guidelines provide for a two-level adjustment to a defendant's base offense level if "the defendant knew or should have known that a victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1) (2024). The Guidelines define a vulnerable victim as a person "who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." *Id.* cmt. 2. This Court has held that "Section 3A1.1(b) does not require that the defendant select the victim because of his or her vulnerability – it is sufficient that he knew or should have known of this quality when deciding to go ahead with the crime." *United States v. McCall*, 174 F.3d 47, 50 (2d Cir. 1998) (applying identically worded version of § 3A1.1(b)(1) in 1998 Guidelines Manual).[1] This enhancement reflects "the public interest in more severely punishing those whose choice of victim demonstrates an extra measure of criminal depravity." *United States v. Hershkowitz*, 968 F.2d 1503, 1505 (2d Cir. 1992). Here, in finding that this two-level adjustment should be applied to Connearney's base offense level, the district court highlighted that Connearney "appeared to become more comfortable with traveling for the sexual encounter after hearing voice recordings of the purported deaf and speech-impaired child," as it "made him more comfortable that she may not be able to disclose the abuse due to her disability." Dist. Ct. Dkt. No. 64 at 4. In other words, the district court found that Connearney knew of his prospective victim's vulnerabilities and, based in part on those vulnerabilities, chose

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

to travel to engage in sexual conduct with her. Connearney did not challenge the application of this adjustment to his base offense level before this appeal.

"When a party fails to raise an objection to a purported error below, any subsequent challenge may be deemed either waived through explicit abandonment or forfeited through failure to object." *United States v. Cooper*, 131 F.4th 127, 130 (2d Cir. 2025). If the failure to raise the challenge below was unintentional, we find the claim forfeited and reviewable on appeal for plain error. *Id.* But if the failure to object was deliberate, the claim is waived and "not entitled to appellate review." *Id.* Here, the parties dispute whether Connearney merely forfeited the claim, or whether instead it was waived.

The record before us compels the conclusion that Connearney waived any objection to the application of § 3A1.1's adjustment to his base offense level. Connearney was first made aware that § 3A1.1(b)'s adjustment would be applied to his base offense level in the initial Presentence Report ("PSR") prepared by the probation office. Connearney did not object to the application of the adjustment in his response to the initial PSR, or to any subsequent addendum. Moreover, in its sentencing memorandum, the Government argued that § 3A1.1's enhancement applied even when the victim is fictitious. Then, despite having received the Government's sentencing memorandum more than seven months prior, Connearney did not address, or even mention, the applicability of § 3A1.1's vulnerable victim adjustment in his own sentencing memorandum, let alone object to its application. Most significantly, at his sentencing, Connearney's counsel expressly confirmed to the court that he had no objection to the PSR, which included the application of § 3A1.1's adjustment to his base offense level. Connearney's ample opportunities to object to this adjustment foreclose any plausible argument that his failure to do so was

4

inadvertent. Accordingly, we conclude that Connearney has waived this argument, and that we need not consider it further.

## II. The District Court's Recounting of Connearney's Criminal History

Before imposing a sentence, district courts are required to consider the factors listed in 18 U.S.C. § 3553(a), including the history and characteristics of the defendant. In accordance with this requirement, during Connearney's sentencing hearing the district court recounted his criminal history. The district court described Connearney's criminal history as including "two prior cases with felony convictions for aggravated assault and battery with serious bodily injury, assault and battery, and violation of an abuse prevention order. He also has misdemeanor convictions which include threatening to blow up a house and possession of a controlled substance, as well as an extensive history of protective orders being issued against him for threatening other individuals." App'x at 148. As the Government concedes, this was not an accurate summary of Connearney's criminal history. Connearney did not have two prior felony convictions for aggravated assault and battery with serious bodily injury, assault and battery; nor did he have a misdemeanor conviction for threatening to blow up a house. All of those charges had been dismissed for "Lack of Prosecution." Presentence Report ¶ 66. Connearney also had not been convicted for possession of a controlled substance; this charge had been dismissed as well. Connearney asserts that if the district court had accurately understood his criminal history, he likely would have received a below–Guidelines sentence.

Because Connearney raises this argument for the first time on appeal, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135–36 (2009). "To establish plain error, a defendant must demonstrate: (1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Helm*, 58 F.4th 75, 84 (2d Cir. 2023). An error impacts a defendant's substantial

rights when it "affect[s] the outcome of the district court proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010). Here, the district court's misstatements did not impact Connearney's substantial rights.

To begin, Connearney fails to show that the district court fundamentally misunderstood his criminal history, as opposed to merely misspeaking. At sentencing, the court adopted the factual information and the Guidelines calculation from the PSR, explaining that Connearney's criminal history category was II and his Guidelines range was 151 to 188 months. The PSR accurately described the nature and outcome of all past criminal charges against Connearney. Both parties agreed at sentencing (and agree on appeal) that these calculations—including Connearney's criminal history computation—were correct. Shortly after this, during the sentencing hearing, the district court mistakenly described some of Connearney's past conduct as "convictions," even though some involved conduct that led to charges that were dropped. Although those statements were undoubtedly mistaken, we conclude based on the totality of the record—including the district court's adoption of the PSR with its undisputedly correct recitation of Connearney's criminal history, and its concomitant criminal history category calculation—that the district court's misstatement was no more than a verbal error. Viewed in context, these misstatements do not support Connearney's conclusion that the court materially misunderstood his criminal history then later used its erroneous understanding to fashion his sentence.

Moreover, Connearney supplies no support for his assertion that had the district court correctly understood his criminal history it would have imposed a below–Guidelines sentence. Such a conclusory assertion is insufficient for Connearney to meet his burden. *See United States v. Pattee*, 820 F.3d 496, 505 (2d Cir. 2016) (holding that "bare assertion[s]," without more, are insufficient to demonstrate plain error). Accordingly, Connearney has failed to meet his burden

of demonstrating that the district court's oral misdescription of his criminal history affected his substantial rights.  He has therefore failed to show plain error that warrants resentencing.

*     *     *

We have considered Connearney's remaining arguments and find them unpersuasive.  For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk